Fred J. Mitnder, J.
A motion to reargue, on appeal from a conviction for petit larceny which had been affirmed on the original argument, having been granted, the appellant now urges a reconsideration by this court of the question of the validity or sufficiency of the information.
The information charges: “That one Frank Paolillo (588 Main St. I slip) on the 6th day of August, 1952, at the Hamlet of Holtsville, in the Town of Brookhaven, County of Suffolk, N. Y., at about 11:00 o’clock in the forenoon of said day, did commit the crime of Petit Larceny in violation of Sec. 1298 of Penal Law of N. Y. against the person or property of People of the State of New York by wrongfully, unlawfully, wilfully, and knowingly did take one lawn chair from the porch of the Marshall Building located in the Holtsville Sanitorium and place same in his car which chair is valued at approximately $7.00. Complainant did find said chair in defendant’s ear and removed same.”
The appellant claims that the Court of Special Sessions was without jurisdiction because the information fails to set forth a crime in that it does not allege the ownership of the article claimed to have been stolen.
Section 742 of the Code of Criminal Procedure prescribes the form of an information. It has been held that “ The defendant should be informed of the nature of the charge against him and of the act constituting it, not only to enable him to prepare for trial, but also to prevent him from again being tried for the same offense.” (People v. Zambounis, 251 N. Y. 94, 96; People v. Schultz, 301 N. Y. 495, 497; People v. Jacoby, 304 N. Y. 33, 38.)
In the instant case these requirements were met. The defendant was charged with having committed “ the crime of Petit Larceny in violation of Sec. 1298 of Penal Law * * * by wrongfully, unlawfully, wilfully, and knowingly ” taking one chair from the Marshall Building. The reference to section 1298 had the effect of incorporating that section in the information. (People v. Ostrosky, 95 Misc. 104.)
I see no necessity for including in the information the definition of larceny given in section 1290 of the Penal Law. The word “larceny” means the taking of personal property from the possession of the true owner, or of any other person, and *1033 the defendant must be presumed to knoAv that. In addition, the information recited that the defendant’s act was wrongful and unlawful and in violation of section 1298 of the Penal Law. Certainly that was sufficient to apprise the defendant of the nature of the charge against him. If, as has been held, a defendant’s affidavit (even though it does not include all the elements necessary to charge the commission of specific crimes) may be used in lieu of an information to support a conviction based on a guilty plea (People v. Jacoby, supra, p. 40), then to hold this information insufficient would really be exalting form over substance.
While it may not be of the same exactness as required under the old common-law rules, this information was sufficient to confer jurisdiction of the subject matter of the crime. The return of the Magistrate indicates that the defendant was informed of all his rights, that the defendant refused an attorney and pleaded guilty to the charge.
At no time, until this appeal, did the defendant challenge the sufficiency of the information. While that fact would not bar its review on appeal if the information was legally insufficient, the guilty plea precludes relief where, as here, the information is found to be sufficient.
The original decision herein is adhered to and the judgment of conviction affirmed.