Dye, J.
The defendant-appellant appeals by permission of a Judge of this court from a judgment of conviction rendered in the City Court of Buffalo, following trial, without a jury, upon *525 an information charging violation of subdivision 1 of section 1141 of the Penal Law (possession of obscene prints and articles). On appeal to the Supreme Court, Erie County, the judgment was affirmed.
The facts are undisputed. In a raid by Buffalo police officers certain pornographic pictures and printed material, concededly lewd and obscene, were found on the defendant’s person and in the bookstore operated by him at 83 West Chippewa Street. Two informations were lodged, both for acts violative of subdivision 1 of section 1141: (1) by John Ferenc, a citizen, for unlawfully selling obscene photographs and books which were described; and (2) by Police Officer Ball for unlawful possession. At the trial, the first charge (selling) was dismissed without prejudice for failure of the complainant to appear. We are not now concerned with it on this appeal.
Defendant went to trial on the second information which, insofar as pertinent, charged that defendant: ‘ ‘ did unlawfully and wilfully possess and have under his control a quantity of obscene, lewd, lascivious and indecent pictures and books,” (describing same).
At the opening of the trial, and again at the close of the People’s proof, defendant’s counsel moved to dismiss the information for failure to state a crime in that it omitted to state that the defendant possessed the contraband material ‘ ‘ with intent to sell ”, as required by subdivision 1 of section 1141 of the Penal Law. The People contend that such omission may be disregarded, since the proof adduced at the trial tended to establish that the possession was for the purpose of sale. This may not be done.
It is fundamental that an information must state the crime with which the defendant is charged and the particular facts constituting that crime (People v. Zambounis, 251 N. Y. 94; People v. Patrick, 175 Misc. 997). The degree of exactitude may well differ with the circumstances. For instance, when the information is used as a basis for obtaining a warrant for an arrest, mere hearsay unsupported by a sworn statement or an examination by the Justice is not enough (People v. Bertram, 302 N; Y. 526). On the other hand, when a valid arrest is made without a warrant, the information serves as a pleading for the trial and is sufficient in and of itself to establish prima *526 facie each of the essential elements of the crime charged without the necessity of a further deposition to particularize the evidence relied on (People v. Belcher, 302 N. Y. 529); but this presupposes an information clearly setting out the elements of the crime charged for the very good reason that the defendant ‘ ‘ should be informed of the nature of the charge against him and of the act constituting it, not only to enable him to prepare for trial, but also to prevent him from again being tried for the same offense’” (People v. Schultz, 301 N. Y. 495, 497), which, in the broad sense, is to say that the crime charged should be stated with such accuracy that the defendant may know the offense which it is claimed he has committed (People v. Love, 306 N. Y. 18). Omission of a necessary statutory ingredient is quite another matter which is sharply illustrated by this very case. Here, the crime sought to be charged is defined in subdivision 1 of section 1141 of the Penal Law as possession “ with intent to sell”. By subdivision 4 of section 1141 possession of six or more identical articles or similar, coming within the provision of this section, is presumptive evidence of a violation of the section. While this may be a rule of evidence as to proof of intent whenever six or more articles are possessed, it cannot be read so as to cure an otherwise defective information, nor may such omission be supplied by simply charging unlawful possession in the information. Before possession becomes unlawful under the statute, either actually or presumptively, it must be with intent to do one of many enumerated things which, in the language of the statute, includes not only to sell”, but also “to lend, distribute, give away, show or transmute, or advertise in any manner ’ ’, etc.
People v. Paolillo (15 Misc 2d 1031, affd. 307 N. Y. 736) requires no different holding. Supplying an omission which in no way affects the obvious purport of the information is an entirely different situation from that where the omitted matter is essential to spell out the crime charged. The particular acts constituting a crime are more than a technicality. It is fundamental that a person accused of crime is not required to speculate as to what crime, if any, the information charges, for he is entitled to know in advance of trial what crime he is called upon to defend. WLen the information fails to state facts sufficient to constitute the crime charged, it is jurisdictionally defective and must be dismissed.
*527 The judgment of conviction should be and hereby is reversed and the information is dismissed.