Burke, J. (dissenting).
The defendant who was represented by counsel was tried and convicted on an information charging that defendant 44 did unlaAvfully and wilfully possess and have under his control a quantity of obscene, lewd, lascivious and indecent pictures and books * * * All in violation of Sec. 1141 Subd 1 of Penal Law.”
The cited subdivision of the section of the statute, in its relevant parts, states that 44 A person who * * * has in his possession with intent to sell, lend, distribute, give away, show or transmute or advertise in any manner, * * * any obscene, lewd, lascivious, filthy, indecent * * * or disgusting book, magazine * * * is guilty of a misdemeanor ”.
The defendant although not disputing possession of a quantity of obscene pictures and boohs maintains that the failure of the information to allege, in terms, that intent described in the statute is a jurisdictional defect which renders the judgment of conviction a nullity.
It is true that under the section of the statute cited the possession of less than six books and pictures is not a violation of law unless such possession is coupled with an intent to sell, lend, distribute, give away, show or etc. There can be no doubt that it is the intent to do any one of the enumerated acts which makes the possession wrongful.
But 44 However awkwardly an information may be drawn, if it charges an offense knoAvn to the law and states acts done by the accused that constitute it, that avíII be sufficient ”. (People v. Love, 306 N. Y. 18, 23.)
Hence this information cannot be assailed as fatally defective because it does not, in terms, contain the words 4 4 Avith intent to sell,” etc. An information, as we have said, is not required to be drawn in accordance with a prescribed formula or in the exact words of a statute. (See People v. Jacoby, 304 N. Y. 33.) The purpose and function of an information is to identify the charge against the accused so that his conviction or acquittal may prevent a charge for a subsequent offense and also to notify him of the charge pending against him to the end that he prepare his defense (People v. Schultz, 301 N. Y. 495). It simply must inform the Magistrate that4 4 a person has been *528 guilty of some designated crime ”. (Code Crim. Pro., § 145.) In other words the information must allege that a defendant has committed the acts under the circumstances defined by the statute. But the omission of the words “ with intent to sell,” etc., is not reversible error if the language used states the elements of the crime charged. It is apparent that in the case of this specific offense it is the unlawfulness of the possession which turns an otherwise lawful possession into a crime. Here mere possession is not alleged, but unlawful possession of a quantity of lewd pictures and booJcs.
In People v. Paolillo (15 Misc 2d 1031, affd. 307 N. Y. 736) we agreed that there was nothing sacrosanct about the particular words “with intent”. In that case we found that that element of the crime was sufficiently covered in the information by the words “ wrongfully ” and “ unlawfully ”.
There is nothing in the statutory definition of the crime charged against this defendant which indicates that such an expression as “ with intent ” is necessary to save the information. Whether the possession was lawful was a matter of defense. In Paolillo (supra) the defendant was presumed to know what kind of “taking” was larcenous, i.e., unlawful. Here the defendant may be presumed to know what kinds of possession of a quantity of obscene prints are unlawful.
In this ease the allegation of possession of a quantity of obscene pictures and books is not an allegation of a perfectly innocent act (Penal Law, § 1141, subd. 4). Surely, then, the alleg-ation that the possession of the quantity of obscene prints was unlawful indicates that the requisite criminal intent was present. Hence the term ‘ ‘ unlawful possession” considered with the incorporation of the specific section and subdivision of the. Penal Law was sufficient to apprise the defendant of the crime charged as well as the act constituting the crime. Indeed, it is extremely unlikely that any defendant concededly possessing a quantity of filthy pictures and books could read this information and not know the crime he is charged with having committed.
Therefore, since the information set forth all the elements necessary to constitute a violation of subdivision 1 of section 1141 of the Penal Law, viz., possession which was unlawful, it is jurisdietionally sufficient.
*529 Accordingly the judgment of conviction should be affirmed.
Judges Desmond, Fuld, Froessel and Van Voorhis concur with Judge Dye ; Judge Burke dissents in an opinion in which Chief Judge Conway concurs.
Judgments reversed and information dismissed.