THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* WILLIAM S. DOUGLAS, AUGUSTUS J. LA COMB, CLARENCE F. LA COMB, and HAROLD J. LA COMB, Respondents.

Third Department, January 17, 1961.

*Charles H. Bowers, District Attorney,* for appellant.

*Ross E. Brown* for respondents.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Paxton Blair* of counsel), for the People, under section 71 of the Executive Law.

*Brock, Fleishman & Rykoff* (*Stanley Fleishman* of counsel), for All-States News Company, Inc., *amicus curiæ.*

*Edward S. Silver* for New York State District Attorneys' Association, *amicus curiæ.*

REYNOLDS, J. The defendants herein were indicted for selling obscene magazines, a misdemeanor in violation of section 1141 of the Penal Law ("Obscene prints * * *") and moved for the dismissal of said indictment on all the grounds of demurrer set forth in section 323 of the Code of Criminal Procedure except those in subdivision 5. The Special County Judge dismissed the indictment on the ground that subdivision 1 of section 1141 of the Penal Law is unconstitutional, being contrary to the letter and spirit of the 14th Amendment of the United States Constitution and section 8 of article I of the Constitution of the State of New York. The People appeal.

The order dismissing the indictment must be affirmed not because of unconstitutionality of the statute but because of insufficiency of the indictment.

The constitutionality of subdivision 1 has been upheld in *People* v. *Doubleday & Co.* (297 N. Y. 687, affd. 335 U. S. 848). A majority of the Supreme Court had previously found that the words "obscene", "lewd", "lascivious", "filthy", "indecent" and "disgusting" were not unconstitutionally vague but rather were well understood through long use in the criminal law. (*Winters* v. *New York*, 333 U. S. 507, 518.) In fact subdivision 1 of section 1141 of the Penal Law was used as an illustration of a properly worded statute. Therefore until the *Smith* v. *California* (361 U. S. 147) decision subdivision 1 of section 1141 was a constitutionally sound penal statute dealing with obscenity.

In *Smith* v. *California* (*supra*) the Supreme Court struck down a California penal statute dealing with obscenity which dispensed with the element of *scienter*. In *Smith* the court noted that obscene speech and writings are not protected by constitutional guarantees of freedom of speech and the press (*Roth* v. *United States*, 354 U. S. 476) but the majority pointed out that penal statutes dealing with obscene material must not impede the distribution of nonobscene material. Consequently the court felt that a penal statute not requiring *scienter* was unconstitutional as it could result in a book seller or distributor only selling that material which he had had a chance to inspect, which would curtail free speech and press through distribution controls. The important question raised by this appeal is whether subdivision 1 of section 1141 requires *scienter* to be proved as an element of the crime or in other words is *scienter* an element of the crime? If *scienter* is not an element then the statute is unconstitutional under the authority of the *Smith* case.

The pertinent part of the section reads as follows: "A person who sells * * * distributes * * * any obscene, lewd, lascivious, filthy, indecent, sadistic, masochistic or disgusting * * * magazine * * * [i]s guilty of a misdemeanor". (Penal Law, § 1141, subd. 1.)

In *People* v. *Shapiro* (6 A D 2d 271) the Second Department found that *scienter* was not an element of the crime. This conclusion was based upon a lengthy discussion of the legislative history of the section where it was noted that the words "willfully and lewdly" had been omitted after their recommendation. However in the more recent *People* v. *Richmond County News* (11 A D 2d 799) the Second Department stated that "proof of *scienter* is indispensable in order to support a conviction under the statute." The *Shapiro* case was not mentioned. In support of its statement that proof of knowledge was necessary to sustain a conviction under the statute the court cited the *Smith* case and *People* v. *Engel* (7 N Y 2d 1002). In *Engel* a candy store operator had been convicted of selling an obscene magazine. The proof was that there were 100 differently titled magazines on display and the proprietor testified that he never examined the contents of the books and magazines. The Court of Appeals reversed the judgment and dismissed the information upon the authority of *Smith* v. *California* (361 U. S. 147, *supra*). No opinion was written. Essentially it would seem that the court reversed on the failure of proof. Perhaps it could be implied from *Engel* that the statute requires *scienter* but this does not necessarily follow.

The New York State District Attorneys' Association in its brief *amicus curiœ* herein contends that section 1141 of the Penal Law as affected by the *Smith* case may be held constitutional by the doctrine of constitutional separability; that a statute which includes *scienter* as an element of the offense is constitutional under the *Roth* case; that a statute which excludes *scienter* is unconstitutional under the *Smith* case, at least where the statute has been so construed by the State as to be designed exclusively to prosecute *non-scienter* cases; that in the latter event it is not even permissible to apply the doctrine of constitutional separability since the statute is patently incapable of being so separated; that the New York statute, however, is susceptible of either of two interpretations (1) that it is designed only for cases in which *scienter* is proven; (2) that it is designed for cases in which *scienter* may or may not be proven. Since the *Smith* case precludes a construction which would authorize prosecution of a *non-scienter* case, the statute manifestly must be either construed to be constitutional to the

extent that *scienter* is necessary element, or in the alternative, it must be stricken down in its entirety; that under *Robert Dollar Co.* v. *Canadian Car & Foundry Co.* (220 N. Y. 270) however, our courts are free to adopt, if necessary, a revised construction which would conform to the constitutional requirements as defined by the United States Supreme Court.

Since our statute, unlike the Los Angeles ordinance (*Smith, supra*), is manifestly capable of a construction which would include *scienter* as an element of the offense, the doctrine of separability may quite properly be applied here toward the end that the statute may stand as constitutional.

The Attorney-General urges that it is within the province of the courts of this State to construe section 1141 of the Penal Law as requiring *scienter* and it is the duty of our courts to so construe it in order to avoid unconstitutionality. They further point out that the construction of a State statute by the State courts is accepted by the Supreme Court of the United States as controlling and cite *Adler* v. *Board of Educ.* (342 U. S. 485). The statute before the court in that case was the Feinberg Law (Education Law, § 3022; L. 1949, ch. 360) which declares membership in an organization listed by the Board of Regents as advocating the overthrow of the Government by force and violence " prima facie evidence of disqualification " for positions in the public schools of this State (n., p. 489). A ground of attack upon the statute was that a teacher was subject to disqualification because of mere membership in such an organization without knowledge of its purposes. The Supreme Court (n., p. 494) said: " In the proceedings below, both the Appellate Division of the Supreme Court and the Court of Appeals construed the statute to require such knowledge. 276 App. Div. 527, 530, 96 N. Y. S. 2d 466, 470–471; 301 N. Y. 476, 494, 95 N. E. 2d 806, 814–815."

In further argument that the court should construe the statute as requiring *scienter* for conviction and thus uphold it where two constructions are possible, one of which will hold the act constitutional, he cites *People ex rel. Simon* v. *Bradley* (207 N. Y. 592, 610–611).

We are therefore construing the statute to require *scienter* and hold that the Special County Judge was in error when he held the statute unconstitutional. Compare *People* v. *Schenkman* (12 A D 2d 457 by BOTEIN, P. J., BREITEL, McNALLY and STEVENS, JJ.) insofar as it deals with *Engel* and *Smith* and the problem of constitutionality: " Judgments of conviction unanimously affirmed. It is not clear that *People* v. *Engel* (7 N Y 2d 1002) determined that section 1141 of the Penal Law

in its present form is unconstitutional. The decision is supportable by the absence in that case of any proof which would supply the element of *scienter*. In the absence of further clarification by the highest court of the State the statute may be construed to require *scienter* and thus satisfy the requirements laid down in *Smith* v. *California* (361 U. S. 147)."

It is our view, however, that the indictment is insufficient as it fails to allege knowledge on the part of the defendants. Having decided that *scienter* is an essential element of the crime it would seem that this element must be alleged in the indictment. The various counts of the indictment state that defendants sold obscene magazines. This is not a crime unless the magazines ꞏre sold with the knowledge, actual or constructive, that they ꞏere obscene. Such a defect would be jurisdictional. (Cf. ꞏeople v. *McGuire*, 5 N Y 2d 523.) In *McGuire* defendant was charged with possessing obscene material and the Court of Appeals dismissed the information because it omitted to state that defendant possessed the material " with intent to sell ". Possession alone does not constitute a crime. Section 275 of the Code of Criminal Procedure requires that the indictment must contain a plain and concise statement of the act constituting the crime. Here the crime has not been spelled out. (Cf. *People* v. *Hartwell*, 166 N. Y. 361 and *People* v. *Siefert*, 4 A D 2d 41.)

The order of the Special County Judge should be modified to the extent that the demurrer should be allowed, upon the ground that the indictment was insufficient, and the case resubmitted to another Grand Jury, and as modified, affirmed.

BERGAN, P. J., COON, GIBSON and HERLIHY, JJ., concur.

Order of the Special County Judge modified to the extent that the demurrer is allowed, upon the ground that the indictment was insufficient, and the case resubmitted to another Grand Jury, and as modified, affirmed.