■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD S. FREEDMAN, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Nassau County, imposed March 15, 1972. Sentence affirmed (People v. Crafton, 31 N Y 2d 828). Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS LA RUFFA, Also Known as TOMMY BROOKS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 29, 1970, resentencing defendant nunc pro tunc as of April 4, 1957, upon a conviction of murder in the second degree, upon a guilty plea. Judgment affirmed. One contention of defendant deserves discussion. He was indicted in 1952 for the crime of murder in the first degree. After a jury trial, he was convicted of murder in the second degree and was sentenced on October 9, 1952 to an indefinite prison term of 35 years to life. The judgment was reversed by this court and a new trial was ordered (People v. La Ruffa, 2 A D 2d 765). At the time of the second trial in 1957, defendant pleaded guilty to murder in the second degree. When he appeared for sentence, he moved pro se to withdraw his plea; that motion was denied and he was again sentenced to an indefinite term of 35 years to life imprisonment. No appeal was taken from this judgment. As the result of a coram nobis application, the 1957 judgment was vacated in 1970, because defendant had been deprived of his right to appeal. This appeal followed. Defendant now claims that he suffered double jeopardy for the reason that he was retried on the charge of murder in the first degree, even though at the first trial he was convicted only of murder in the second degree. We see no substance to defendant's claim. Presently, the double jeopardy clause of the Fifth Amendment of the Federal Constitution is applicable to the States through the Fourteenth Amendment (Benton v. Maryland, 395 U. S. 784; cf. People v. Ressler, 17 N Y 2d 174). It appears, moreover, that the application is retrospective (De Mino v. New York, 404 U. S. 1035, revg. People v. De Mino, 29 N Y 2d 602; Price v. Georgia, 398 U. S. 323, 330–331). In all of these cases, nevertheless, the conviction was obtained through a trial. Here, defendant pleaded guilty; and, in our opinion, he waived the immunity of the double jeopardy clause. A plea of guilty waives all defenses to the indictment, except the jurisdiction of the court (Matter of D. [Daniel], 27 N Y 2d 90, 98; People v. Schiskey, 39 A D 2d 608). Defendant's argument that at the time of the 1957 trial the state of the law did not recognize a Federal right under the double jeopardy clause impressed on the States does not undercut the effect of his plea. A defendant, by formally admitting his guilt, necessarily surrenders his constitutional claims as then existing or as they may be interpreted in the future. Otherwise, the enforcement of the law would be continually in doubt, subject to changes in decisional law and statutory construction (cf. Brady v. United States, 397 U. S. 742, 749; McMann v. Richardson, 397 U. S. 759; Cox v. State of Kansas, 456 F. 2d 1279; Gee v. United States, 452 F. 2d 849; Zales v. Henderson, 433 F. 2d 20). Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.