Jasen, J.
 

 The defendant was indicted in 1952 for murder in the first degree, then a capital offense. After a jury trial, he was convicted of murder in the second degree and on October 9, 1952, he was sentenced to an indeterminate term of imprisonmént with a minimum of 35 years and a maximum of life. The
 
 *244
 
 judgment of conviction was subsequently overturned on appeal to the Appellate Division and a new trial was ordered.
 
 (People
 
 v.
 
 La Ruffa,
 
 2 A D 2d 765.)
 

 In February, 1957, defendant was retried on the original indictment charging him with murder in the first degree. After the defense had rested and before summations had been presented to the jury, the defendant, with advice of counsel, requested leave of the court to withdraw his plea of not guilty aiid to plead guilty to murder in the second degree, in satisfaction of the indictment. The People recommended acceptance of the plea and the defendant was then permitted to plead guilty to murder in the second degree, a noncapital crime. At sentencing on April 4, 1957, the defendant moved
 
 pro se
 
 to withdraw his plea claiming that he had been in a “ bad state of mind ” when the plea was entered. That motion was denied and the court agáin imposed an indeterminate sentence of imprisonment of 35 years to life. No appeal was taken from the second judgment of conviction.
 

 As a result of a
 
 coram nobis
 
 application, brought 10 years after conviction; th'e 1957 judgment was vacated in 1970 upon the ground that defendant had been deprived of his right to appeal. The original sentence was vacated and the defendant was resentenced,
 
 nunc pro tunG
 
 as of April 4, 1957, to a term of imprisonment of 35 years to life. On appeal to the Appellate Division, the defendant claimed that he suffered double jeopardy for the reason that he was retried on the charge of murder in the first degree, even though at the first trial he was convicted only of murder in the second degrée. The Appellate Division affirmed the judgment of conviction, holding that the defendant by his plea of guilty to murder in the second degree “ waived the immunity of the double jeopardy clause.”
 

 The order appealed from should be affirmed. The defendant’s plea of guilty, entered knowingly and intelligently, with advice of counsel and in accordance with the then existing constitutional law of double jeopardy, constituted a waiver of his right not to be twice subjected to the risk of punishment for the same offense.
 

 "While it is true that the double jeopardy clause of the Fifth Amendment is applicable to the States through the Fourteenth Amendment
 
 (Benton
 
 v.
 
 Maryland,
 
 395 U. S. 784, 787), and that
 
 *245
 
 this guarantee is a proscription against retrying an accused for a crime of which he has been impliedly acquitted by a verdict of guilty of a lesser offense later set aside because of trial error
 
 (Price
 
 v.
 
 Georgia,
 
 398 U. S. 323, 326-330; see, also,
 
 People
 
 v.
 
 Ressler,
 
 17 N Y 2d 174, 180-181), neither of these developménts in the constitutional law of double jeopardy preceded the defendant’s guilty plea herein.
 

 It matters not that
 
 Benton
 
 and
 
 Price
 
 have been applied retroactively (see, e.g.,
 
 Ashe
 
 v.
 
 Swenson,
 
 397 U. S. 436, 437, n. 1;
 
 De Mino
 
 v.
 
 New York,
 
 404 U. S. 1035, revg. 29 N Y 2d 602) and that under these decisions, the defendant’s Fifth Amendment right not to be placed twice in jeopardy for the same offense was violated when he was retried for murder in the first degree, since the defendant, by his voluntary plea of guilty, surrendered his constitutional rights as then existing or as they may be interpreted in the future.
 

 Grave consequences attach .to a plea of guilty including the waiver of certain fundamental constitutional rights such as the privilege against compulsory self incrimination guaranteed by the Fifth Amendment and the right to a trial by jury (with all of its attendant safeguards) as guaranteed by the Sixth Amendment. (B
 
 oykin
 
 v.
 
 Alabama,
 
 395 U. S. 238, 242-244;
 
 McCarthy
 
 v.
 
 United States,
 
 394 U. S. 459, 466.) Indeed, a plea of guilty is much more than a confession of wrongdoing. It is tantamount to a conviction.
 
 (Kercheval
 
 v.
 
 United States,
 
 274 U. S. 220, 223.) Accordingly, to be valid it has been held that a guilty plea must reflect the unfettered choice of the accused and must have been made voluntarily and intelligently with full appreciation of the consequences.
 
 (Boykin
 
 v.
 
 Alabama,
 
 supra;
 
 Machibroda
 
 v.
 
 United States,
 
 368 U. S. 487, 493.)
 

 Here it is not contended that the plea was involuntary or unintelligent by any of the traditional standards. Rather, it is contended that the defendant could not intelligently waive a constitutional right which had not yet been enunciated.
 

 We cannot accept this contention. The State has a legitimate interest in maintaining the finality of convictions attributable to guilty pleas valid under constitutional standards existent at the time.
 
 (Brady
 
 v.
 
 United States,
 
 397 U. S. 742, 757;
 
 McMann
 
 v.
 
 Richardson,
 
 397 U. S. 759, 773-774.) When a defendant admits his guilt and consents to the entry of judgment against
 
 *246
 
 him, he does so under the law then existing. Although the defendant would not, we may assume, have pleaded guilty had later decided cases
 
 (Benton
 
 v.
 
 Maryland,
 
 395 U. S. 784, supra;
 
 Price
 
 v.
 
 Georgia,
 
 398 U. S. 323,
 
 supra; People
 
 v.
 
 Ressler,
 
 17 N Y 2d 174,
 
 supra)
 
 then been the law, he remains bound by his plea and his resulting conviction unless he can show that his plea was not a knowing and intelligent act.
 
 (Cox
 
 v.
 
 State of Kansas,
 
 456 F. 2d 1279.) Here, there simply is no claim of duress or coercion that would vitiate the voluntariness of the plea or detract from the accuracy of the admission that he committed the crime. Nor is there any suggestion that defendant was unaware or inadequately advised of the consequences of his plea. He seeks merely the benefit of a change in the law of double jeopardy as announced in the
 
 Benton
 
 and
 
 Price
 
 line of cases. But absent a showing that the plea did not represent the defendant’s unfettered choice, a negotiated plea, otherwise valid and entered with the advice of competent counsel in light of the then existing law, may not so lightly be set aside.
 
 *
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Stevens concur; Judge Rabin taking no part.
 

 Order affirmed.
 

 *
 

 Robinson
 
 v.
 
 Neil
 
 (409 U. S. 505) has been urged as supporting defendant’s position. However, the Supreme Court granted certiorari in that case to decide the retroactivity of
 
 Waller
 
 v.
 
 Florida
 
 (397 U. S. 387) and did not address the question whether a plea of guilty effects a waiver of a double jeopardy defense. (Compare
 
 Tollett
 
 v.
 
 Henderson,
 
 411 U. S. 258. esp. at p. 267.)