Wachtler, J.
(dissenting). When this case was before us last spring, I joined in the unanimous opinion affirming the conviction (People v La Ruffa, 34 NY2d 242). Several days later the Supreme Court decided Blackledge v Perry (417 US 21), and later still reversed and remanded La Ruffa’s conviction for reconsideration in light of that decision and Tollett v Henderson (411 US 258). I have studied those opinions and have concluded that Blackledge announces a new doctrine, calling for reversal and dismissal of this indictment. Accordingly I cannot join the majority in reaffirming the conviction.
It is true, as the majority notes, that Part I of the Black- *63 ledge decision concerns a due process rather than a double jeopardy violation. But it is not that portion of the decision which concerns me here. In Part II of the opinion the Supreme Court turned its attention to the question as to whether the defendant waived the constitutional issue by pleading guilty. The court concluded that he did not, and it is this part of the opinion which bears directly on the case now before us.
In Part II the court drew a distinction between "antecedent constitutional violations”, i.e., "deprivations of constitutional rights that occurred prior to the entry of the guilty plea” and constitutional violations which go "to the very power of the State to bring the defendant into court to answer the charge brought against him.” (Ibid., p 30; emphasis added.) They held that antecedent violations such as a coerced confession or tainted indictment could be waived by a plea of guilty. But violations affecting the court’s power to proceed could not. The example used to illustrate this latter type of violation was the double jeopardy clause which the court noted was "distinctive” because "its practical result is to prevent a trial from taking place at all, rather than to prescribe procedural rules that govern the conduct of a trial.” (Ibid., p 31.)
In view of this distinction I can no longer conclude, as I did originally, that by pleading guilty La Ruffa waived his rights under the double jeopardy clause. Although the Supreme Court did not decide this precise issue in Blackledge, I believe it is fairly evident that they have taken the position that a claim of double jeopardy does not involve an antecedent violation and is not waived by a guilty plea. To put it another way, since the double jeopardy clause gives the defendant "the right not to be haled into court at all upon the * * * charge” (ibid., p 30) it persists and survives a plea of guilty.
The order of the Appellate Division should be reversed and the indictment dismissed.