■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v JEFFREY EASON, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 11, 1974, upon resentence, convicting him of criminally selling a dangerous drug in the third degree (two counts), criminally possessing a dangerous drug in the fourth degree (two counts), criminally selling a controlled substance in the third degree (two counts) and criminally possessing a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Rabin, Acting P. J., Martuscello, Latham and Brennan, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment as to the sentence and to remand the case to the County Court for resentence, with the following memorandum: Defendant was convicted after trial of two counts of criminal sale of a dangerous drug in the third degree, two counts of criminal possession of a dangerous drug in the fourth degree, two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. He was sentenced to four indeterminate terms of up to three years and four indeterminate terms of one year to life, all sentences to run concurrently. Defendant raises

several grounds for reversal, but I find merit only in one. In my view, the guilt of defendant was established by the weight of the evidence and he was not denied his right to a public trial because the court sealed the courtroom during the testimony of certain undercover police officers. Nevertheless, I believe that defendant's argument that section 65.00 (subd 1, par [b]) of the Penal Law violates the State Constitution is sound and requires a reversal of the sentence and a remand of the case to the County Court for resentence. Section 65.00 (subd 1, par [b]) of the Penal Law provides, in part: "The court, with the concurrence of either the administrative judge of the court or of the judicial district within which the court is situated or such administrative judge as the presiding justice of the appropriate appellate division shall designate, may sentence a person to a period of probation upon conviction of a class A-III felony if the prosecutor either orally on the record or in a writing filed with the indictment recommends that the court sentence such person to a period of probation upon the ground that such person has or is providing material assistance in the investigation, apprehension or prosecution of any person for a felony defined in article two hundred twenty or the attempt or the conspiracy to commit any such felony". Thus, the court, under the provisions of the statute, cannot impose a sentence of probation upon a person convicted of a class "A-III" felony, unless the prosecutor first recommends such a sentence, for the reason that he finds that the defendant has provided material assistance to the law enforcement authorities under the terms stipulated. The statute, therefore, effectively interposes the prosecutor—a representative of the executive branch of the government—into the sentencing process and encroaches on the discretion of the court in its exercise of the power to pronounce a judgment. By that provision the statute interferes unlawfully with the constitutional distribution of powers among the executive, legislative and judicial branches of the State government. Similar provisions have been held violative of that principle of constitutional governmental organization by the California courts (see *Esteybar v Municipal Ct.,* 5 Cal 3d 119; *People v Tenorio,* 3 Cal 3d 89; *People v Clay,* 18 Cal App 3d 964). Our State Constitution, implicitly, if not expressly, provides for the distribution of power among the executive, legislative and judicial branches. It expressly provides that the legislative power shall be vested in the Senate and Assembly (NY Const, art III, § 1), and it also expressly provides that the executive power shall be vested in the Governor (NY Const, art IV, § 1). It does not expressly provide for the establishment of the judicial power in the courts (cf. NY Const, art VI, § 1). Nevertheless, it provides for a unified court system in the State (NY Const, *id.),* and the vesting of judicial power in the courts, is at least implied *(People ex rel. Burby v Howland,* 155 NY 270, 282; *Matter of Davies,* 168 NY 89, 101; *Matter of La Guardia v Smith,* 288 NY 1, 5).[1] "Free government consists of three departments, each with distinct and independent powers, designed to operate as a check upon those of the other two co-ordinate branches. The legislative department makes the

---

1. None of the predecessor forms of the Constitution adopted in New York expressly provided for the establishment of the judicial power in the courts. This may be so because, at the inception, the Court for the Correction of Errors was constituted, in part, of the members of the Senate; it was not until the Constitution of 1846 that the Court of Appeals was created and the Court for the Correction of Errors abolished. It is true that in 1921 it was recommended to the Legislature that a new constitutional article be adopted which would expressly provide for the judicial power to be placed in the courts, but this proposal was not submitted to the people.

laws, while the executive executes and the judiciary construes and applies them. Each department is confined to its own functions and can neither encroach upon nor be made subordinate to those of another without violating the fundamental principle of a republican form of government" *(Matter of Davies,* 168 NY 89, 101–102, *supra).* The principle cannot be better nor more succinctly stated than in the words of Hamilton, when he said in *"The Federalist"* that "'there is no liberty, if the power of judging be not separated from the legislative and executive powers'" (The Federalist, No. 78 [A. Hamilton, Modern Library ed], p 504). That does not mean that the three branches of government are completely independent of one another. The principle of constitutional import is not so much of the separation of powers, as it is sometimes referred to, but rather the distribution of powers (see, e.g., The Federalist, No. 47 [J. Madison, Modern Library ed], pp 313–316; *Matter of Grossman,* 267 US 87; *Matter of Trustees of Vil. of Saratoga Springs v Saratoga Gas, Elec. Light & Power Co.,* 191 NY 123, 132; *Matter of Bowne v County of Nassau,* 37 NY2d 75). Thus, it is undoubtedly within the competence of the Legislature to define the nature and content of criminal offenses and to prescribe the kind and limits of punishment to be imposed by the courts for the conviction of such crimes *(People ex rel. Forsyth v Court of Sessions of Monroe County,* 141 NY 288; *Matter of Dodd v Martin,* 248 NY 394, 398–399; *People v Gowasky,* 244 NY 451).[2] However, once a discretion is vested in the court to impose judgment, the power of the court must be not under the control or be subject to the influence of the other branches of the government. "Nor can the free and untrammelled exercise of this power or the right to pass sentence according to the discretion of the court be made dependent upon compliance with some condition that would require the court to try a question of fact before it could render the judgment which the law prescribes" *(People ex rel. Forsyth v Court of Sessions of Monroe County,* 141 NY 288, 296, *supra).* The sentence of the court is an integral part of the judgment of conviction *(People v Bradner,* 107 NY 1; *People v Frankola,* 264 App Div 741). Judicial power, in essence, represents the right of the court to decide controversies and to pronounce a judgment which will carry into effect the decision *(Muskrat v United States,* 219 US 346, 350; *People v Selikoff,* 35 NY2d 227, 240–241). "The passing of sentence upon one convicted of a crime as well as the suspension of sentence is the sole prerogative and duty of the court. The judge must fix the punishment and the limits thereof within the bounds which the Legislature has provided for the crime" *(People ex rel. Johnson v Martin,* 283 App Div 478, 481, affd 307 NY 713). In short, once the Legislature has defined the crime and fixed the limits of punishment, it may not thereafter interfere with the exercise of discretion in the sentencing process which the courts have traditionally exercised at common law and under the trifurcate form of our government. This principle is violated when the Legislature imposes a condition to the pronouncement of a probationary sentence that the judgment of an officer of the executive branch must be concurrent with, and even precedent to the judgment of the court. That encroachment on the judicial power becomes even more prominent, since the consent of the prosecutor under section 65.00 (subd 1, par [b]) of the Penal Law is unreviewable. The discretion exercised by a court in imposing sentence is subject to appellate review, but the prosecutor's determination

2. Of course, the intent of the authors of the statutes embodying the practice in criminal proceedings was to formalize the common law *(Matter of Rudd v Hazard,* 266 NY 302, 306).

not to consent to probation cannot be the subject of judicial review (cf. *Matter of Hassan v Magistrates' Ct. of City of N. Y.,* 20 Misc 2d 509, cert den 364 US 844). Thus, if the statute is considered to be constitutional, the prosecutor could arbitrarily refuse probationary treatment to a defendant, even though the criteria of the statute was satisfied by the co-operation of the defendant.[3] The prosecutor may, of course, withhold his consent to the acceptance of a plea of guilty to a crime lesser in degree than the crime for which the defendant is indicted (see *Matter of McDonald v Sobel,* 272 App Div 455, affd 297 NY 679). Essentially, this power of the prosecutor is no more than the right of any party to a litigation to refuse to compromise on terms less than the relief sought in the litigation. The prosecutor represents the People, the indispensable party in any criminal proceeding. As a representative of the People, it must lie within his power to determine whether the criminal proceeding should be terminated by the defendant's offer to plead to a lesser crime. Once the case is tried and a determination reached as to guilt, however, it must then, under our system of government, be the prerogative of the court to declare the proper judgment and to impose the appropriate punishment, without the prior consent of any party to the litigation. The statutory scheme adopted by the Legislature with respect to the prosecution and punishment of narcotics offenders will not be disrupted by the excision of the provision endowing the prosecutor with power under section 65.00 (subd 1, par [b]) of the Penal Law, to recommend probation. The court should receive from the prosecutor and from the defendant as well—at the time of sentencing—the required information as to whether the defendant has in fact assisted the prosecutor under the criteria of the statute. If the court is satisfied that the defendant has so conducted himself, it may then impose the sentence of probation without the prior consent of the prosecutor. I therefore vote to reverse the judgment and to remand the case to the County Court for resentence in accordance with this view.

---

3. The discretion of the prosecutor has been well described by the United States Court of Appeals for the Fifth Circuit: "The discretionary power * * * in determining whether a prosecution shall be commenced or maintained may well depend upon matters of policy wholly apart from any question of probable cause" *(United States v Cox,* 342 F2d 167, 171, cert den 381 US 935).