stepped in to stop a fight, which was his duty. No one was injured by his intervention and we hold that, on the record before us, the school authorities failed to sustain the necessary burden of proof for a finding of guilt. Thus, the determination should be annulled and respondents should refund to petitioner the amount withheld from him under the suspension. Hopkins, Acting P. J., Martuscello, Cohalan, Christ and Munder, JJ., concur.

■ In the Matter of TRUSTEES OF HACKLEY SCHOOL, Appellant, v WALTER A. STANLEY & SONS, INC., Respondent.—In a proceeding to stay arbitration (CPLR art. 75), petitioner appeals from an order of the Supreme Court, Westchester County, dated May 19, 1975, which denied the application. Order affirmed, with $50 costs and disbursements. The clause in the contract between the litigants herein for arbitration of disputes arising "in connection with the performance of the work to be performed by the" respondent is sufficiently broad to support arbitration of the claims it has made against appellant. Hopkins, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.

■ LYNDON JOSEPH & CO., INC., Respondent, v HAROLD E. ROSEN et al., Appellants.—Order of the Supreme Court, Westchester County, entered November 19, 1974, affirmed, with $50 costs and disbursements. There are questions of fact and therefore granting of summary judgment is precluded. Gulotta, P. J., Rabin, Hopkins, Martuscello and Cohalan, JJ., concur.

■ LEO LISI, et al., Appellants, v SCOTT FORESMAN AND COMPANY et al., Respondents.—Order of the Supreme Court, Nassau County, dated March 7, 1975, affirmed, without costs. Factual issues are raised in the papers; therefore the granting of summary judgment was precluded. Gulotta, P. J., Rabin, Hopkins, Martuscello and Cohalan, JJ., concur.

■ NANUET NATIONAL BANK, Respondent, v AIRPEZ, INC., et al., Appellants.—Order of the Supreme Court, Rockland County, dated June 12, 1975, affirmed, with $50 costs and disbursements. The record clearly shows that there was no merit to defendants' motion to dismiss the complaint for failure to state a cause of action. Gulotta, P. J., Rabin, Hopkins, Martuscello and Cohalan, JJ., concur.

■ NANUET NATIONAL BANK, Respondent, v RAYMOND M. PEZZO, Appellant.—Order of the Supreme Court, Rockland County, dated June 12, 1975, affirmed, with $50 costs and disbursements. The record clearly shows that there was no merit to defendant's motion to dismiss the complaint for failure to state a cause of action. Gulotta, P. J., Rabin, Hopkins, Martuscello and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CORNELL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 27, 1974, convicting him of attempted manslaughter in the first degree, upon a guilty plea, and imposing sentence. Judgment affirmed. By his guilty plea defendant waived all nonjurisdictional defects (People v La Ruffa, 40 AD2d 1022, affd 34 NY2d 242; People v Schiskey, 39 AD2d 608). The other contentions raised by him have been considered and found to be without merit. Latham, Acting P. J., Margett, Christ, Brennan and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAPMAN ETSON, Appellant.—Judgment of the County Court, Nassau County, rendered April 25, 1975, affirmed. No opinion. Rabin, Acting P. J., Martuscello, Cohalan and Christ, JJ., concur; Shapiro, J., concurs on constraint of People v Eason (49 AD2d 621).