■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD JACKSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered February 3, 1977, convicting him of sodomy in the first degree and possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal also brings up for review an order of the same court, dated September 16, 1976, which denied defendant's motion to dismiss the sodomy count contained in the indictment upon the ground that it lacks factual specificity. Order reversed and judgment modified, on the law, motion granted, and the conviction of sodomy in the first degree, and the sentence imposed thereon, are reversed and the said count is dismissed, with leave to resubmit the sodomy charge to another Grand Jury. As so modified, judgment affirmed. In our view the first count of the indictment, which charges the crime of sodomy in the first degree under subdivision 1 of section 130.50 of the Penal Law by simply using the words of the statute, is legally insufficient because if fails to state the exact nature of the deviate sexual intercourse with which defendant is charged (see CPL 200.50, subd 7; *People v Guest,* 53 AD2d 892; *People v Barnes,* 44 AD2d 740; *People v Clough,* 43 AD2d 451; *People v Ebasco Serv.,* 77 Misc 2d 784, 787-788). The error was not waived by defendant's plea of guilty. Although a guilty plea waives all nonjurisdictional defects *(People v La Ruffa,* 40 AD2d 1022, affd 34 NY2d 242, remanded 419 US 959, affd on rearg 37 NY2d 58, cert den 423 US 917; *People v Cornell,* 50 AD2d 608), where an indictment fails to state facts sufficient to constitute the crime charged it is jurisdictionally defective and must be dismissed *(People v McGuire,* 5 NY2d 523, 526; *People v Douglas,* 12 AD2d 194, 198). The case of *People v Paolillo* (15 Misc 2d 1031, affd 307 NY 736) is not dispositive on this issue. In that case the defendant pleaded guilty to an information and, on appeal, the judgment of conviction was affirmed. The defendant then moved to reargue the appeal and, for the first time, raised the claim that the Court of Special Sessions was without jurisdiction because the information was insufficiently pleaded. Upon reargument Mr. Justice Munder stated (15 Misc 2d 1031, 1033): "At no time, until this appeal, did the defendant challenge the sufficiency of the information. While that fact would not bar its review on appeal if the information was legally insufficient, the guilty plea precludes relief where, as here, the information is found to be sufficient." Thus, the *Paolillo* case supports the proposition that where a defendant has challenged the sufficiency of an accusatory instrument by a motion to dismiss made at Criminal Term, his subsequent plea of guilty will not bar review of that issue on appeal and prevent a reversal if the charge was insufficiently pleaded in the accusatory instrument. Damiani, J. P., Titone and Margett, JJ., concur; Shapiro, J., dissents and votes to affirm the order and judgment, with the following memorandum: I agree that the instant indictment is defective because of its failure to comply with the requirements of CPL 200.50 (subd 7) in its failure to describe the exact factual basis for the crime, charging instead the language of the statute, subdivision 1 of section 130.50 of the Penal Law (see *People v Guest,* 53 AD2d 892, 893). However, I do not believe this to be a jurisdictional defect which is not waivable by a plea of guilty. Of course, nonjurisdictional defects are waived by a plea of guilty (see *People v La Ruffa,* 40 AD2d 1022, affd 34 NY2d 242, remanded 419 US 959, affd on rearg 37 NY2d 58, cert den 423 US 917; cf. *Boykin v Alabama,* 395 US 238, 242). In *People v Guest (supra),* similar counts of a multicount indictment were held bad, *after trial,* because of the

impossibility of determining which counts of the indictment applied to the specific acts committed by the defendant. The *Guest* case did involve a guilty plea. In *People v Barnes* (44 AD2d 740) we affirmed an order which dismissed a similarly defective indictment. That case involved an appeal by the People from the order of dismissal. An illustration of the type of defect in an indictment which would be held jurisdictional may be found in *People v McGuire* (5 NY2d 523, 526). There the indictment failed to allege a necessary element of the crime—*scienter*—so that when the defendant was found guilty (after trial), he was simply guilty of doing something which was not criminal. The failure of such indictment to thus allege an essential element of the crime is jurisdictional (see, e.g., *People v Douglas,* 12 AD2d 194, 198; *People v Hartwell,* 166 NY 361; *People v Seifert,* 4 AD2d 41). Here, however, the omitted facts did not affect the obvious purport of the indictment and so the defendant was not required to speculate as to what crime he was charged with. The indictment charged him with the crime of sodomy and that is the crime to which he pleaded guilty.[1] Since a defendant can plead guilty even to a hypothetical crime *(People v Griffin,* 7 NY2d 511, 516), it seems clear to me that the dismissal of the sodomy count of the indictment which is now being ordered by this court exalts form above substance and overrules the long and well-established rule that by pleading guilty a defendant waives all nonjurisdictional defects. In my view those cases which hold that a defendant cannot properly plead to an indictment which lacks an *essential* element, since the indictment in such cases does not plead a crime, are inapplicable here. Although inartfully drawn, the indictment here charges all of the essential elements of the crime, albeit without the required statutory precision. Such a defect should not be viewed as jurisdictional and nonwaivable by a plea of guilty (cf. *People v Paolillo,* 15 Misc 2d 1031, affd 307 NY 736). In the absence of a statutory provision permitting a defendant to appeal from the denial of a motion to dismiss an indictment for failure to comply with the statutory requirements of an indictment, a defendant may not raise on appeal a defect contained in an indictment (not of a jurisdictional nature) where the indictment in substance contains all of the elements of the crime to which the plea is taken.[2] I therefore vote to affirm the judgment of conviction.

---

1. The pertinent count of the indictment reads: "THE GRAND JURY OF THE COUNTY OF WESTCHESTER, by this Indictment, accuse the defendant of the crime of SODOMY IN THE FIRST DEGREE, committed as follows: The defendant, in the Town of Mount Pleasant, County of Westchester and State of New York, on or about April 20, 1975, engaged in deviate sexual intercourse with one Frank Hursh by forcible compulsion."

2. I am aware of the recent decision of the Court of Appeals in *People v Abbamonte* (43 NY2d 74), in which the court reversed a judgment of conviction after a guilty plea. However, the decision in that case is inapplicable here, for there, as Chief Judge Breitel pointed out, the "prosecution [was] barred by New York's statute" so that the People could not conceivably be entitled to any kind of an indictment. In that connection see also the determination in *Abney v United States* (431 US 651).