◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO RIVERA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 21, 1977, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Defendant was driving his car one February evening after spending some time with a friend at a local bar. Suddenly the friend, a passenger in the car, spotted a pedestrian who he (mistakenly) thought had previously burglarized his store. The passenger told defendant to stop the car. He then pulled out a gun and stopped the pedestrian. The pedestrian, on the passenger's order, handed over his briefcase, wallet and sweater. All of the items, except the sweater, were returned after the "search" failed to turn up any of the goods stolen from the store. The sweater was not returned because it was forgotten in the excitement. When the police came upon the defendant soon after the incident, the sweater was still in the rear seat, where it had originally been tossed. There was no evidence presented at the trial that defendant knew his passenger had a gun or was about to accost the pedestrian, who was mistakenly thought to be a burglar. In fact, the passenger, a friend of defendant, testified that defendant had no knowledge of the gun. The only act performed by defendant was to drive with his friend that evening and stop at the friend's request. It was defendant who first said that the items should be returned to the pedestrian. Under the circumstances, the evidence was legally insufficient to prove defendant's guilt of robbery in the first degree. It should also be noted that the record demonstrates that defendant was not accorded a fair and impartial trial. Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WARD, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered November 13, 1975, convicting him of sodomy in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of sodomy in the first degree and the sentence imposed thereon, with leave to the People to resubmit the sodomy charge to another Grand Jury. As so modified, judgment affirmed. The count of the indictment charging defendant with sodomy in the first degree states: "The defendant, in the City of Mount Vernon, County of Westchester and State of New York, on or about January 6, 1975, engaged in deviate sexual intercourse with * * * by forcible compulsion." The indictment's language is a mere repetition of the words of the statute. This court has previously held that the count of an indictment which charges the crime of sodomy in the first degree by simply using the words of the statute is legally insufficient because it fails to state the exact nature of the deviate sexual intercourse with which defendant is charged *(People v Jackson,* 60 AD2d 893). Accordingly, the sodomy conviction must be reversed. Mollen, P. J., and Suozzi, J., concur; Cohalan and Hawkins, JJ., concur in the result on the constraint of the decision in *People v Jackson* (60 AD2d 893).