■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE HINES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 16, 1977, convicting him of robbery in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The People concede that a new trial is warranted in this case. On the codefendant's appeal from his judgment of conviction, following a joint trial with the defendant, this court determined that he had not been afforded a fair and impartial trial *(People v Rivera,* 62 AD2d 1005). Hopkins, J. P., Martuscello, Latham and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HENREL INGRAM, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated April 5, 1978, which dismissed the first 15 counts of the indictment, with leave to resubmit. Order affirmed (see *People v Fitzgerald,* 62 AD2d 885 [opn by Shapiro, J.]). Hopkins, J. P., Martuscello, Latham and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RICHARD, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Westchester County, imposed June 30, 1977, upon his conviction of sodomy in the first degree and attempted rape in the first degree, on his plea of guilty, the sentence being concurrent indeterminate terms of imprisonment not to exceed 12 and 6 years, respectively. Sentence modified as a matter of discretion in the interest of justice, by reducing the concurrent indeterminate terms to a maximum of five years for each crime. As so modified, sentence affirmed. The defendant, 28 years of age on the date of the crimes of which he now stands convicted, has had no previous involvement with the law and enjoys a good reputation in his community. Although he has not had the benefit of a high school education, he has always provided adequately for his wife and two children. Patently, he is not an habitual criminal with antisocial orientation. In reviewing the propriety of a given sentence it is incumbent upon the court to consider not only the nature of the crimes involved, but also the personal background and character of the particular defendant. Such an analysis in the case at bar leads us to the conclusion that the object of the instant sentence should be the reformation and rehabilitation of this defendant rather than the exaction of retribution for his crimes. We therefore conclude that the sentence was excessive to the extent indicated herein. Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.