■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD PETERS, Appellant. [714 NYS2d 818] —Rose, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered December 3, 1999, upon a verdict convict-

ing defendant of the crimes of offering a false instrument for filing in the second degree and petit larceny, and the offense of littering (two counts).

The charges against defendant, a veterinarian, stemmed from the discovery of the carcasses of three dogs along the side of Thompson Road in the Town of Greenwich, Washington County. Two of the carcasses were recognized at the scene, one by a Sheriff's Deputy and one by the Town Dog Warden, and subsequently identified by their owners as dogs that had been euthanized by defendant and left in his possession for burial. The third was never identified. Since the Dog Warden had earlier brought the second dog to defendant for treatment before it was euthanized, the Town had been financially responsible for its care. Defendant had submitted a voucher for payment for treatment rendered, including a $35 charge for "burial." The Town in turn solicited payment from the second dog's owner, who wrote and delivered a check that was ultimately cashed by defendant. When it was learned that this dog had been left along the side of the road and not buried, defendant was charged with offering a false instrument for filing in the first degree and petit larceny, as well as two counts of littering based on the two identified carcasses.

At trial, defendant conceded the error in the voucher. However, he denied knowing it was false, disputed the identification of the second dog, and asserted that he had placed the carcass of the first dog in a wooded portion of his property for later burial. The jury found defendant guilty of the lesser included offense of offering a false instrument for filing in the second degree, petit larceny and two counts of littering. He was thereafter sentenced to a term of one year in jail in connection with his conviction of offering a false instrument for filing, and fines totaling $1,000 and restitution in the amount of $35 on the other convictions. Defendant appeals.

Initially, we disagree with defendant's contention that the evidence was legally insufficient to support the convictions and that the verdict was against the weight of the evidence. Defendant's explanations, that he placed the first dog on his property for later burial, suggesting that its body had been removed by persons unknown and left along the road, and that he had cremated the second dog so that the identifications by its owner and the Dog Warden must be mistaken, "presented credibility questions which the jury, not unreasonably, resolved in the People's favor" (*People v Meiner*, 248 AD2d 806, 808). Once the jury resolved this identification issue, the circumstantial evidence eliminated all but the most remote possibilities

inconsistent with defendant's guilt (*see, People v West*, 257 AD2d 767, 768, *lv denied* 93 NY2d 880). Viewing the evidence in a light most favorable to the People and according deference to the jury's determination of the witnesses' credibility, we find that the evidence was legally sufficient to sustain the convictions (*see, People v Bleakley*, 69 NY2d 490, 495). Moreover, as the jury was entitled to credit the testimony of the People's witnesses and reject defendant's alternative explanations, the verdict was not against the weight of the evidence.

Next, we have reviewed the entirety of the circumstantial evidence charge here and find that County Court restated the positions of the prosecution and the defense and did not improperly marshal the evidence (*see, People v Saunders*, 64 NY2d 665, 667; *People v Perry*, 251 AD2d 895, 897, *lv denied* 94 NY2d 827; *People v Esposito*, 225 AD2d 928, 932, *lv denied* 88 NY2d 935). Although County Court recited the People's evidence at some length and only briefly reviewed defendant's defenses to the charges, this disparity was warranted by the People's reliance upon circumstantial evidence and the brevity of the defense. The circumstantial evidence charge itself comported with the requirements set forth by the Court of Appeals (*see, People v Ford*, 66 NY2d 428, 441-442).

In addition, we cannot agree that the cumulative effect of the prosecutor's alleged misconduct during trial, and particularly in the summation, deprived defendant of a fair trial. The jury's request to rehear the testimony of the witnesses who identified the second dog cured any error or mischaracterization by the prosecutor or County Court regarding the identity of that dog. We have reviewed the prosecutor's conduct during summation and we find that his comments do not constitute a "flagrant and pervasive pattern of prosecutorial misconduct" sufficient to warrant a new trial (*People v Demming*, 116 AD2d 886, 887, *lv denied* 67 NY2d 941; *see, People v Bessard*, 148 AD2d 49, *lv denied* 74 NY2d 845; *People v Konigsberg*, 137 AD2d 142, *lv denied* 72 NY2d 912).

We are compelled, however, to agree with defendant's contention that the sentence of one year in jail imposed for his conviction of offering a false instrument for filing in the second degree was harsh and excessive and should be reduced in the interest of justice. We recognize that a sentence within the permissible statutory range will not be disturbed unless the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872; *People v McGrath*, 256 AD2d 639). In fashioning an appropriate sentence, however, the trial

court must consider the nature and circumstances of both the defendant and the crime (see, People v Pedraza, 66 NY2d 626, 627). Here, there are several such factors which must be considered in the proper exercise of discretion. First, the crime, though deplorable, involved only a small amount of money and there was no evidence that defendant's false filing was part of a pattern of such conduct. Second, we note that at sentencing County Court strongly criticized defendant for making false statements under oath during the course of the trial. Although a criminal defendant's perjured testimony is relevant to legitimate sentencing goals (see, People v Davila, 238 AD2d 625, 626), we believe County Court's reaction to defendant's conduct at trial, in addition to the court's obvious outrage over defendant's callous handling of the remains of pets, inappropriately overshadowed the nature of the criminal conduct for which defendant was convicted. Third, there is defendant's lack of any criminal history, the long-term and valuable services he has provided to the community, the lack of evidence of his desire for personal gain or threat to the community in the future, and the recommendation of no jail time contained in the presentence report.

In light of all these factors, the imposition of the maximum sentence is inappropriate (see, People v Haile M., 160 AD2d 1027, lv denied 76 NY2d 860; People v Richard, 65 AD2d 595). In the interest of justice, we conclude that the sentence for the conviction of offering a false instrument for filing in the second degree should be modified, and its term reduced to three years of probation (see, Penal Law § 65.00 [3] [b]) and 250 hours of community service.

We have reviewed defendant's remaining contentions and find that they are either without merit or have not been preserved for our review.

Crew III, J. P., Peters and Mugglin, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed for the conviction of offering a false instrument for filing in the second degree to three years of probation and 250 hours of community service; matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.