OPINION OF THE COURT
Howard E. Goldfluss, J.
The defendant is charged in the indictment with criminal usury in the first degree and grand larceny by extortion. He moves herein to suppress all evidence acquired or derived from electronic surveillance pursuant to an order of a Justice of this court previously issued on June 26, 1979. He relies on the recent decision of the New York State Court of Appeals, People v Shapiro (50 NY2d 747), which declared the New York statutory scheme for authorizing wiretapping unconstitutional as applied to the defendant therein. He maintains that the rationale and the conclusion in the Shapiro case must apply to him as well.
In essence, the court in Shapiro utilized a novel application of the doctrine of Federal pre-emption. It held that an eavesdropping order, although properly made under State *101 law (CPL 700.05) exceeded the grounds of permissible State regulation as defined by the Federal wiretapping statute (US Code, tit 18, § 2516).
Shapiro was charged with promoting prostitution, endangering the welfare of a minor, and several counts of sodomy. Notwithstanding the fact that there appears in CPL 700.05 the listing of sodomy as a “designated offense” for which electric surveillance may be ordered, the court decided that such designation exceeded limitations in title III of the Omnibus Crime Control and Safe Streets Act of 1968. In that legislation Congress followed the mandate of Berger v New York (388 US 41) and Katz v United States (389 US 347), which imposed absolute and minimum protections when electronic surveillance was utilized. Thus, it reasoned that a State statute could further restrict the invasion of privacy inherent in eavesdropping by wiretap— indeed could even prohibit wiretapping within its borders completely. (See Commonwealth v Vitello, 367 Mass 224.) Under no circumstances, however, could a State broaden its powers in excess of the standards set forth in title III, and any statute which does so runs afoul of the supremacy clause (US Const, art VI).
It therefore becomes the task of this court to determine if the warrant issued in this case was, as in Shapiro, a derogation of the intent and objective of Congress in granting that degree and quality of protection it provided for in title III.
The definitive and specific intention of the drafters of that legislation was to protect privacy of wire and oral communications unless the evidence emanating therefrom fell into carefully enumerated crimes considered serious enough to warrant investigation by wiretap. The list represented a class of major offenses that were “intrinsically serious or * * * characteristic of the operations of organized crime” (see US Code, Cong & Admin News, Senate Report No. 1097, p 2234) and in addition thereto, subdivision (2) of section 2516 of title 18 of the United State’s Code adds to that list a further designation — “or other crime dangerous to life, limb, or property”.
Defendant maintains that although usury is a designated offense under the State statute (see CPL 700.05, subd 8, par *102 [e]), it is not so specified under the Federal statute. He therefore equates and compares the situation in Shapiro with his and contends that pre-emption should likewise be applied.
I do not agree. There are marked differences between the two which point in different directions. In the lengthy affidavits which supported the application for the warrant, consisting of more than 100 paragraphs and approximately 30 pages, repeated references are made by the affiant to organized crime, and its involvement in the practice of loan sharking. Senate Report No. 1097 (p 2234) made organized crime a specific target, and the issuing Justice concluded from the contents of the affidavits that there was a reasonable basis to find such involvement; and this court concurs with such finding.
The defendant Ardito also contends that the court in Shapiro pointedly referred to the fact that consensual conduct was involved in the sodomy charge, and that the Federal legislative history never intended to include such conduct within the reach of permissible wiretapping. He reasons, therefore, that usury is similarly consensual, and a similar conclusion should be made herein. But usury does not normally stand alone. It has additional ingredients. For example there is a specific reference in the affidavit to a conversation wherein the informant borrower was told, “We’re not doctors — we’re not lawyers. If you don’t pay, things happen.” It is safe to assume from this conversation that if the informant became delinquent in repayment, collection would not be made through the legally prescribed procedure of service of verified complaint in an action to recover money loaned. It is equally safe to assume that such conversation falls within the catch-all phrase “or other crime dangerous to life or limb”. True, the original crime under investigation was usury, but extortion is usury’s necessary adjunct, and this court cannot blind itself to such reality.
It is significant that in the Shapiro case, the dissent took issue with the majority’s position because it felt that preemption should not be imposed on an evidentiary rule free from encroachment by Federal restriction — unless those restrictions were constitutionally based.
*103 That issue need not be faced herein. We are not talking about an evidentiary rule, but a substantial legislative authority, both State and Federal, which falls into the ambit, purview and intent of Congress. It differs from Shapiro in that most important element, and accordingly the motion to suppress such evidence is denied.