OPINION OF THE COURT
Fred W. Eggert, J.
The following constitutes the decision and order of the court. .
In a motion dated July 30, 1980, which was subsequently joined by defendant De Luca, defendant Lagano moves for various relief including dismissal of the indictment and suppression of various evidence. The only applications contained in this motion which survive defendants’ recent pleas of guilty (see People v La Ruffa, 34 NY2d 242) are the motions to suppress eavesdropping evidence on the grounds: (1) that the eavesdropping order exceeded the limits of permissible State regulation under subdivision (2) of section 2516 of title 18 of the United States Code, and (2) *668 that no amendment to the eavesdropping order was sought by the prosecution prior to using eavesdropping evidence to substantiate the charge of grand larceny, an offense not specified in the eavesdropping order.
I
Defendants contend that the eavesdropping order signed by Honorable Walter M. Schackman on June 26, 1979, effective June 29, 1979, exceeded the limits of permissible State regulation under subdivision (2) of section 2516 of title 18 of the United States Code in that it authorized eavesdropping in connection with an investigation into criminal usury (Penal Law, art 190).
Under State law, criminal usury is a designated ground for eavesdropping (CPL 700.05, subd 8, par [e]). On the other hand, criminal usury is not designated in subdivision (2) of section 2516 and, “under pre-emption principles, any State law drawn more broadly than title 3’s standards runs afoul of the supremacy clause” (People v Shapiro, 50 NY2d 747, 763). However, subdivision (2) does include “extortion” and other crimes “dangerous to life, limb, or property”.
Defendants’ position is that criminal usury is not within the intended encompass of the Federal act because it does not require proof of violent or coercive conduct as an essential element. The true test is not whether, in the abstract, an offense is capable of being committed consensually, but whether, on the particular facts of the case, the police (and issuing Justice) could have reasonably suspected that the alleged criminality partook in any measure of either violence or coercion (People v Shapiro, 50 NY2d 747, 764-765, supra).
To analyze the facts in the instant case we start with the recognition that it is highly unlikely for a criminally usurious transaction not to be coercive, since there is no lawful manner in which the lender can collect the debt, even as against a corporation. As Mr. Justice Goldfluss points out in People v Ardito (106 Misc 2d 100, 666-667), a companion case dealing with the same warrant, “extortion is *669 usury’s necessary adjunct, and this court cannot blind itself to such reality.”
Turning to the facts presented to the issuing Justice, these suspicions are confirmed, since Detective Marsenison’s affidavit in support of the warrant application contains specific references to thinly veiled threats of violence made by the conspirators, as well as overwhelming evidence of the well-known loan-shark type of inherently coercive operation (see Syndicate Loan-Shark Activities and New York’s Usury Statute, 66 Col L Rev 167).
The conduct under investigation was unquestionably within the intent of the Federal act. Accordingly, the motion to suppress eavesdropping evidence on the Federal pre-emption ground is denied.
II
Defendants also contend that all eavesdropping evidence in this case should be suppressed because no retroactive amendment to the eavesdropping order was obtained or sought by the prosecution prior to using eavesdropping evidence to substantiate the charge of grand larceny in the first degree (extortion), an offense not specified in the eavesdropping order. It is claimed that the absence of a retroactive amendment violates subdivision (5) of section 2517 of title 18 of the United States Code and CPL 700.65 (subd 4).
The People argue, in effect, that this issue is moot because the eavesdropping evidence contains no evidence of extortion, which is being established solely through non-eavesdropping evidence. Nevertheless, both the People and defendants seem to be in agreement, although for different reasons, that the evidence of usury and extortion in this case is overlapping and closely related. Therefore the court must reach the question of whether the above-cited Federal and State statutory provisions were violated.
Under both laws, “retroactive amendment is required to insure continuing good faith compliance with the original warrant” (People v Di Stefano, 38 NY2d 640, 650) and is required when the investigator “unexpectedly overhears *670 an incrimintaing conversation that is totally unrelated to the crime for which the warrant was issued” (People v Di Stefano, supra, p 651; emphasis in original), and not when the crime specified in the warrant and an additional crime are “so closely related as to obviate the need for subsequent judicial approval.” (United States v Marion, 535 F2d 697, 705.)
Thus, in People v Schipani (56 AD2d 126), the eavesdropping evidence was suppressed when the prosecution failed to prosecute the defendants for any of the crimes listed in the warrant, to wit: coercion, extortion, larceny, and assault, but instead indicted them for the misdemeanor of conspiracy in restraint of trade (a crime for which eavesdropping does not appear to be authorized to begin with). This is in sharp distinction to the instant case where the prosecution obtained eavesdropping evidence of usury, the crime specified in the warrant, indicted the defendants for usury, and duly joined in the same indictment the companion charge of extortion. This was in addition to and not intead of usury. (See United States v Rabstein, 554 F2d 190, 194.)
Furthermore, the extortion aspect of the case is not just closely related to the usury aspect, but was reasonably to be anticipated from the materials presented to the Justice who issued the warrant, as discussed in Part I of this decision (see United States v Moore, 513 F2d 485, 501-502). The statutory scheme is designed to prevent the prosecution from obtaining an eavesdropping warrant for one crime as a subterfuge for investigating another (United States v Aloi, 449 F Supp 698, 717, 722), nothing of which was present in this case.
Accordingly, the motion to suppress eavesdropping evidence on the nonamendment ground is likewise denied.