THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO SANTIAGO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 7, 1976, convicting him of

criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the facts, and indictment dismissed. The defendant, an attendant at an attraction in an amusement park, admittedly struck and physically injured the complaining witness with a baseball bat during the altercation which ensued when the complaining witness and his companions refused to leave the grounds. The jury acquitted the defendant of assault, but convicted him of criminal possession of a weapon in the third degree under a section of the statute which elevates the crime of criminal possession of a weapon in the fourth degree to the third degree if the person has previously been convicted of a crime (Penal Law, § 265.02, subd [1]). While a baseball bat is a dangerous instrument within the statutory definition (Penal Law, § 10.00, subd 13), its possession is not a crime unless such possession is "with intent to use the same unlawfully" (Penal Law, § 265.01, subd [2] [emphasis supplied]). The statutory presumption of intent in the case of a "dangerous instrument" is limited to an "instrument * * * made or adapted for use primarily as a weapon" (Penal Law, § 265.15, subd 4). On the entire record, the People failed to prove the necessary element of intent beyond a reasonable doubt. Martuscello, J. P., Damiani, Titone and Shapiro, JJ., concur.