THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY BELL, Appellant.

On the night of May 11, 1987, the defendant Randy Bell was attacked by Kenneth Porter on the porch of the defendant's residence. During this altercation, the defendant stabbed Porter with a kitchen steak knife.

At his subsequent trial arising out of this incident, the defendant, having waived his right to a jury, was acquitted by the trial court of attempted murder in the second degree and assault in the first degree based on the court's conclusion that he stabbed Porter in self-defense *(see,* Penal Law §§ 35.10, 35.15; *see, People v McManus,* 67 NY2d 541). The defendant was, however, convicted of criminal possession of a weapon in the third degree.

It was established at the trial that on the night of the incident, Porter had gone to the defendant's home to find Patricia Thomas, the defendant's sister-in-law, with whom

Porter had had a long-term relationship. Earlier that evening, Porter, believing that Thomas was having an affair with another man, had, on two separate occasions, attacked and physically abused her. Porter was drunk when this occurred, by his own admission having consumed three quarts of beer that day.

It was also established at the trial that Porter had a history of physically abusing Thomas, and that, on at least one of these occasions of physical abuse, Porter threatened Thomas with a knife. The defendant was aware of this history of physical abuse. The defendant also may have known that Porter carried a knife.

An essential element of the crime of which the defendant was convicted is that the defendant possessed a "dangerous knife" with the "intent to use the same unlawfully against another" (Penal Law § 265.01 [2]; *see,* Penal Law § 265.01 [1]).

Weighing the credible evidence of this case, it cannot be said that it was established, beyond a reasonable doubt, that the defendant possessed the knife with the intent to use it unlawfully against Porter. The only evidence that would have supported a finding of unlawful intent was the defendant's mere possession of the knife. However, given the unique circumstances of this case, where the assault took place at the defendant's residence and where the individual who assaulted the defendant had a history of violence that was known to the defendant, an inference of lawful intent could have just as well have been drawn *(see, People v Way,* 59 NY2d 361; *see also, People v Santiago,* 61 AD2d 801). Accordingly, we conclude that the defendant's conviction was against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). It should, therefore, be reversed and the indictment dismissed (CPL 470.15 [5]; *see, People v Paris,* 138 AD2d 534; *People v Cullen,* 138 AD2d 501). Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.