■ The People of the State of New York, Respondent, v Leonidas Sierra, Appellant. [596 NYS2d 418] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered December 12, 1990, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender to concurrent terms of 22½ years to life, 5 to 10 years, and 3 to 6 years, respectively, unanimously affirmed.

Defendant's argument that the jury should have been instructed that the witness who testified in exchange for immunity was an accomplice is unpreserved for appellate review, as a matter of law, such a charge never having been requested by defendant *(People v Navares,* 162 AD2d 422, 424, *lv denied* 76 NY2d 942). Were we to review in the interest of justice we would find that there was no evidence that Johnson was an accomplice. We further note that the evidence of defendant's guilt was overwhelming. Also unpreserved is defendant's argument that the prosecutor's summation improperly referred to the "safe-streets" argument and "lowered" the People's burden of proof by commenting on the concept of reasonable doubt. In any event, the record shows that the summation was a fair response to comments made by defense counsel in his summation, and did not exceed the broad bounds of rhetorical comment permissible in closing argument. It was not error to admit the detective's testimony concerning the procedures preceding the lineups in which defendant participated in view of defense counsel's cross examination of the witnesses concerning their lineup and photographic identifications of defendant *(see, People v Gilley,* 91 AD2d 1073). Nor was it error to deny defendant's request to call a police witness at the suppression hearing, supported as it was only by defendant's conjecture that the proposed witness would have raised an issue as to whether defendant was read his *Miranda* warnings or voluntarily answered questions *(see, People v Chipp,* 75 NY2d 327, 337-338, *cert denied* 498 US 833). Concur—Carro, J. P., Wallach, Asch and Rubin, JJ.