■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RICHARDSON, Appellant. [598 NYS2d 341] —Mercure, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 27, 1991, upon a verdict convicting defendant of two counts of the crime of burglary in the first degree.

Defendant was convicted after trial of two counts of bur-

glary in the first degree as the result of a December 1, 1990 incident in the Town of Colonie, Albany County, where defendant broke into the residence of his former probation officer and injured her with a knife. Sentenced to concurrent terms of imprisonment of 8⅓ to 25 years, defendant now appeals.

Initially, we reject the contention that County Court erred in its denial of defendant's motions to dismiss the indictment upon the ground that the Grand Jury proceeding was defective within the meaning of CPL 210.35 (see, CPL 210.20 [1] [c]). Defendant's first application was predicated upon the claim that he was impermissibly denied an opportunity to appear and testify before the Grand Jury (see, CPL 190.50 [5] [a]; 210.35 [4]). It is undisputed that defendant's case was presented to the Grand Jury on January 15, 1991, that defendant was represented by the Public Defender's office at the time, and that because of defendant's initial desire to testify before the Grand Jury, defendant was transported from the County Jail to the County Courthouse for that purpose. However, a representative of the Public Defender's office spoke with defendant shortly prior to the submission of the matter to the Grand Jury, recommended that defendant not testify, and thereafter advised the Assistant District Attorney that defendant had changed his mind and did not desire to testify.

In support of the motion, defendant submitted the affidavits of his substituted counsel who states, on information and belief, that defendant at all times "vocally assert[ed] his desire to * * * testify"; that the waiver by defendant's former counsel of defendant's right to testify before the Grand Jury was "contrary to defendant's stated desire"; that defendant advised a Deputy Sheriff of his desire to testify before the Grand Jury and that the Deputy Sheriff communicated this fact to the Assistant District Attorney, who nonetheless concluded the Grand Jury proceedings without affording defendant an opportunity to testify. The affiant has no personal knowledge of these events, however, and fails to state the source of her information and belief (see, CPL 210.45 [1]). Accordingly, defendant failed to support his motion with sufficient "sworn allegations supporting all the essential facts" (CPL 210.45 [5] [b]). In view of this infirmity and the hearsay nature of the facts alleged, County Court properly rejected the allegations and denied the motion without a hearing (see, CPL 210.45 [5] [b]; *People v Rodriguez,* 79 AD2d 539, 539-540, *affd* 55 NY2d 776; *People v Mack,* 75 AD2d 586, 587, *affd* 53 NY2d 803). Regarding the claim of ineffective assistance of counsel in failing to secure defendant's right to testify before the Grand

Jury, defendant has failed to demonstrate the necessary absence of strategic or other legitimate explanations for counsel's actions (see, People v Garcia, 75 NY2d 973).

Defendant's second motion to dismiss the indictment was based upon the contention that the Assistant District Attorney impermissibly permitted the Grand Jury to hear evidence of defendant's prior uncharged crimes and a prior conviction, and that as a result the Grand Jury proceeding failed to conform to the requirements of CPL article 190 "to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]). We concur in County Court's conclusion that the brief references to defendant's prior scuffles with the victim and the origin of their relationship in defendant's sentence of probation were probative of the parties' prior dealings with one another and establish a motive for the attack. As such, the evidence was material to an issue other than propensity to commit the crime (see, People v Hudy, 73 NY2d 40, 55), and the probative value of the evidence outweighed any unfair prejudice (see, supra).

Defendant next contends that he was denied equal protection as a result of the prosecutor's discriminatory exercise of peremptory challenges (see, Batson v Kentucky, 476 US 79, 96-98). Again, we disagree. Although the prosecutor did peremptorily challenge the only three Black prospective jurors, thereby giving rise to an inference of discrimination (see, supra; People v Hernandez, 75 NY2d 350, 355, affd 500 US 352, 111 S Ct 1859; People v Scott, 70 NY2d 420, 425-426), we perceive no basis for setting aside County Court's determination that the prosecution met its resulting burden of coming forward with a neutral explanation (see, Batson v Kentucky, supra; People v Bessard, 148 AD2d 49, 52, lv denied 74 NY2d 845).

Specifically, the first of the challenged Black jurors indicated that her husband, a multiple felony offender, was currently confined in a State correctional facility, serving a 5 to 10-year sentence for a 1987 assault. In addition, this prospective juror had a Master's degree, was employed by a social services agency and expressed dissatisfaction with the police investigation of a crime which had been committed against her. The second Black prospective juror had a first cousin who was currently serving a lengthy sentence in a State correctional facility for rape. Of greatest significance, this prospective juror initially failed to disclose a number of the relative's prior convictions, a fact that came to light only because the

Assistant District Attorney had previously prosecuted him. The last of the Black prospective jurors had a son who had committed a juvenile offense, was placed on probation and subsequently violated the terms of his probation. Here, the prosecution was primarily concerned with the fact that the son's age and the circumstances of his offense were sufficiently similar to defendant's so that the juror might tend to identify or empathize with defendant.

While it is true that the People did not challenge two Caucasian venirepersons who had relatives who had been convicted of misdemeanor and felony driving while intoxicated charges, the People did not exclude the Black prospective jurors exclusively on the basis of their relatives' criminal convictions. We also note that the People did challenge two other Caucasian jurors whose relatives had been convicted of crimes. "In any event, once the prosecution has advanced a sufficient neutral explanation related to the case to be tried, as it did here, the determination of whether the exclusion of black jurors was racially motivated 'largely will turn on evaluation of credibility' by the trial court in its findings, and 'a reviewing court ordinarily should give those findings great deference' " (People v Bessard, supra, at 53, quoting Batson v Kentucky, supra, at 98, n 21; see, People v Ware, 173 AD2d 903, 904; People v Yarbrough, 158 AD2d 811, 812, lv denied 75 NY2d 971).

Defendant's remaining contentions do not warrant extended discussion. Defendant did not preserve his challenge to County Court's admission of the victim's telephone answering machine audio tape by timely objection at trial (see, People v Renaudette, 185 AD2d 450, 451, lv denied 81 NY2d 846). Although defendant did make an initial objection, after the People provided additional foundational evidence, the exhibit was received without further objection. Nor did County Court err in excluding defendant's alleged written "statement against interest". In fact, the exhibit was an exculpatory statement which defendant gave to the police in an effort to minimize his involvement in the incident. "It is not the intent of the law to permit the defendant to avoid taking the stand and being subject to cross-examination by allowing his story to be presented through * * * hearsay testimony" (People v Dvoroznak, 127 AD2d 785; see, People v Brensic, 70 NY2d 9, 25). Finally, the sentence imposed is neither harsh nor excessive, and the rule announced in People v Antommarchi (80 NY2d 247, 250) is not to be applied retroactively (see, People v Mitchell, 80 NY2d 519, 524).

Mikoll, J. P., Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed.