(May 25, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE SMITH, Appellant. [628 NYS2d 190] —Casey, J. Appeals from two judgments of the County Court of Broome County (Mathews, J.), rendered April 24, 1992 and September 2, 1992, upon verdicts convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (four counts) and criminal possession of a weapon in the third degree.

After defendant sold or gave cocaine to two different police informants, the police obtained a warrant to search defendant's residence. The search produced an unloaded, operable handgun. Defendant was thereafter indicted on four counts of criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the third degree. Defendant's motion for separate trials on the drug and weapon

possession charges was granted and defendant was thereafter convicted of all charges.

Defendant contends that his motion to dismiss the indictment should have been granted on the basis of alleged errors in the Grand Jury proceedings. According to defendant, the prosecutor should have given limiting or curative instructions to the Grand Jury when one of the witnesses referred to uncharged crimes. We are of the view that the testimony was relevant to establish the connection between defendant and the witness, who was one of the police informants, and we see little likelihood of any undue prejudice (see, People v Richardson, 193 AD2d 969, 971, lv denied 82 NY2d 725). Defendant contends that when he appeared before the Grand Jury, he was not given an opportunity to give his version of the events before being cross-examined (see, People v Miller, 144 AD2d 94, 97). It appears that defendant failed to make a timely challenge on this ground (see, CPL 190.50 [5] [c]). In any event, the Grand Jury minutes reveal that defendant was, in fact, given a meaningful opportunity to present his version of the events before he was cross-examined. As to defendant's remaining claim concerning the Grand Jury proceedings, evidence of defendant's prior conviction of attempted grand larceny was relevant to the gun possession charge (see, Penal Law § 265.02 [1]), and the prosecutor's mischaracterization of that prior conviction as a felony was, at most, harmless error.

Defendant also claims that his motion for a mistrial should have been granted on several grounds, but we are of the view that none of the claimed errors deprived defendant of a fair trial. During the trial, County Court offered prompt and extensive curative instructions upon defendant's objections.

Defendant's remaining contention regarding County Court's charge concerning constructive possession of the weapon is without merit. Defendant presented evidence that although he knowingly concealed the gun in his bedroom for a number of years, the gun belonged to his cousin, who continued to exercise dominion and control over the weapon. It is well established that several individuals may constructively possess an object simultaneously, provided each individual exercises dominion and control over the object or the area in which the object is located (see, e.g., People v Torres, 68 NY2d 677, 678-679). Read as a whole, and considered in light of the evidence, County Court's charge on the issue of constructive possession and its references to joint control adequately instructed the jury regarding the relevant principles of constructive possession.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgments are affirmed.