■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SKINNER, Appellant. [632 NYS2d 283] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered October 20, 1992 in Albany County, upon a verdict convicting defendant of the crimes of murder in the second degree (four counts) and burglary in the first degree (two counts).

The relevant facts are more fully set forth in this Court's prior decision in *People v Mariani* (203 AD2d 717, *lv denied* 84 NY2d 869). Briefly, defendant and his codefendants, James Mariani and Keith Snare (*see, People v Snare*, 216 AD2d 674), were indicted and charged with numerous counts of, *inter alia*, murder in the second degree and burglary of the home of Jake Cohn and Dora Cohn on May 15, 1986. Following a joint jury trial, defendant was convicted of four counts of murder in the second degree (two counts of intentional murder and two counts of felony murder) and two counts of burglary in the first degree. Defendant was sentenced to prison terms of 25 years to life on the two intentional murder counts and $12^1/_2$ to 25 years on the first of the burglary counts, all to be served consecutively for a total of $62^1/_2$ years to life. Defendant was given identical sentences for the remaining murder and burglary counts, but they are to run concurrently with the other terms. This appeal followed.

We affirm. Initially, we note that defendant's contention that the integrity of the Grand Jury process was impaired by

the presence of perjured witnesses is an issue virtually identical to one raised by Mariani that we have previously determined in the People's favor (*see, People v Mariani, supra*, at 719). As for defendant's claim that the prosecutor improperly presented evidence of uncharged crimes and prior bad acts by defendant to the Grand Jury, we conclude that the majority of this testimony was relevant to establish the connection between defendant and the witness (*see, People v Smith*, 215 AD2d 940) and was necessary to provide a complete and coherent narrative (*cf., People v Conyers*, 160 AD2d 318, 319, *lv denied* 76 NY2d 786). In any event, the Grand Jury was properly instructed to disregard testimony regarding other crimes (*cf., People v Smith, supra*), and we find that none of the alleged improprieties "sufficiently impaired the integrity of the Grand Jury proceedings so that prejudice to defendant [ ] may have resulted" (*People v Perry*, 199 AD2d 889, 893, *lv denied* 83 NY2d 856).

We similarly reject defendant's challenge to the suppression hearing rulings. Defendant's claim that Supreme Court improperly restricted the cross-examination of a witness (*see, People v Gerace*, 172 AD2d 688, 689, *lv denied* 78 NY2d 1076) is not borne out by the record. Instead, the minutes show that defense counsel had been allowed to cross-examine the witness but that Supreme Court refused a request to allow further cross-examination after counsel for one of the codefendants finished his questioning. Notably, there had been no redirect; thus, Supreme Court simply exercised its discretion to limit the scope and extent of cross-examination (*see, People v Bolling*, 167 AD2d 345, 346).

We are also unpersuaded by defendant's claim that Supreme Court erroneously denied his application for the production of potential inmate witnesses at that aspect of the hearing addressing defendant's motion to suppress based upon his claim of an agency relationship between inmate witnesses and the police. Along these lines, we note that it is clear that the focus of defendant's motion to suppress on this ground involved an inmate who never testified at trial and defendant actually withdrew his motion to suppress on this ground before Supreme Court could rule on it. In any event, although two different inmate witnesses did ultimately testify at trial, the suppression hearing transcript shows that, aside from the targeted inmate witness, defendant only made a general request for production of "all of the other potential snitches". Keeping in mind that "[a] defendant's right to call a witness at a suppression hearing is not absolute" (*People v Acquaah*, 167 AD2d 313,

315, *lv denied* 78 NY2d 961; *see, People v Bailey*, 179 AD2d 662, *lv denied* 79 NY2d 997; *see also, People v Chipp*, 75 NY2d 327, 337, *cert denied* 498 US 833), we conclude that Supreme Court's denial of the request to produce the two inmates who ultimately did testify was proper since the People adequately established the absence of a legitimate agency defense and defendant's allegations of impropriety were purely speculative (*cf., People v Taylor*, 80 NY2d 1, 15; *People v Sierra*, 192 AD2d 475, *lv denied* 82 NY2d 726; *see also, People v Chipp, supra*, at 337, 339).

Crew III, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.