■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN WALLS, Appellant. [661 NYS2d 808] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him following a jury trial of multiple counts of rape and sodomy in the first degree, among other charges, defendant contends that the prosecutor improperly questioned him at trial concerning his postarrest silence and then commented

on that silence during summation. Defendant failed to preserve that contention for our review (*see, People v Mathews*, 227 AD2d 954, *lv denied* 89 NY2d 926; *People v Johnson*, 110 AD2d 1057, *lv denied* 66 NY2d 615). In any event, the prosecutor did not question defendant about postarrest silence; rather, the prosecutor properly attempted to impeach defendant's trial testimony with a prior inconsistent statement made by defendant to the police after his arrest (*see, People v Ricco*, 56 NY2d 320, 323; *People v Washington*, 51 NY2d 214, 220).

We reject the contention of defendant that Supreme Court erred in denying his pretrial motion to dismiss the indictment on the ground that he was absent from the preliminary hearing. That motion, brought more than nine months after arraignment, was untimely (*see*, CPL 255.20 [1]), and defendant failed to show good cause for the delay (*see*, CPL 255.20 [3]).

We further conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Defendant's testimony that the complainant consented to the sexual activity presented a credibility issue for the jury. "Determination of the credibility of witnesses is a task within the province of the jury, and its judgment should not be lightly disturbed" (*People v De Jac*, 219 AD2d 102, 106, *lv denied* 88 NY2d 935; *see, People v Gruttola*, 43 NY2d 116, 122).

Defendant contends that the court, in its jury charge, improperly linked factual allegations to specific counts of the indictment in chronological order. Because defendant did not object to the charge as given, he failed to preserve that contention for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe (*see*, CPL 470.15 [6] [b]). We have reviewed defendant's remaining contention and conclude that it lacks merit. (Appeal from Judgment of Supreme Court, Erie County, Michalek, J.—Rape, 1st Degree.) Present—Denman, P. J., Pine, Callahan, Balio and Fallon, JJ.