■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD LOUISSANT, Respondent. [658 NYS2d 390] —Appeal by the People from an order of the Supreme Court, Kings County (Tomei, J.), dated May 23, 1996, which granted that branch of the defendant's omnibus motion which was to dismiss the indictment.

Ordered that the order is affirmed, without prejudice to the People to represent any appropriate charges to another Grand Jury.

The Supreme Court properly granted the defendant's motion to dismiss the indictment on the ground that the prosecutor's conduct impaired the integrity of the Grand Jury proceedings and created a substantial risk of prejudice to the defendant (see, CPL 210.20 [1] [c]; 210.35 [5]; *People v Huston,* 88 NY2d 400; *cf., People v Darby,* 75 NY2d 449).

An eyewitness testified before the Grand Jury that the defendant was one of a group of four men involved in a shooting in Brooklyn. The witness had identified the defendant in a lineup held 13 months after the crime. The identification was based on a brief view of the assailants' faces, at night, before they donned masks. The defendant also testified before the Grand Jury, and denied any involvement in the crime. The prosecutor then pursued a cross-examination which the Supreme Court accurately described as based upon "twin themes of guilt by association and criminal propensity".

The prosecutor extensively questioned the defendant about a group called the Israelites, which a police officer described as a "militant black group", even though the defendant denied any association with the group, and there was no apparent basis for linking that group to the shooting. The record clearly supports the Supreme Court's conclusion that the aim of such questioning was to suggest to the Grand Jury that the alleged perpetrators of the crime were members of this group, and that it should conclude that the defendant committed the crime by virtue of his association with these men.

In addition, the prosecutor extensively questioned the defendant about his attendance at a gun show and his purchase of rifles, even though no rifles were involved in the shooting. We agree with the Supreme Court that such evidence, aimed at establishing a propensity for violence, exacerbated the effect of the improper hearsay testimony that the defendant, along with two of the other alleged perpetrators, was involved in the purchase of a handgun used in the shooting.

Considering the weight and nature of the admissible proof against the defendant and the degree of prosecutorial miscon-

duct, the likelihood of prejudice to the defendant is apparent, and the indictment was properly dismissed *(see, People v Huston, supra)*. O'Brien, J. P., Ritter, Altman and McGinity, JJ., concur.