■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH R. KIRKEY, Appellant. [670 NYS2d 946] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of rape in the first degree (two counts), sodomy in the first degree, and unlawful imprisonment in the second degree. Defendant was sentenced to concurrent terms of incarceration of 6 to 18 years on each rape and sodomy count and one year on the unlawful imprisonment count. Defendant contends that the testimony of two witnesses before the Grand Jury was unduly prejudicial and impaired the integrity of the Grand Jury proceeding (see, CPL 210.20 [1] [c]; 210.35 [5]); that the evidence is insufficient and the verdict is against the weight of the evidence; that County Court erred in admitting evidence of an uncharged crime; that the court erred in admitting rebuttal evidence; that defendant was denied effective assistance of counsel; and that the sentence is unduly harsh and severe.

The testimony of the victim before the Grand Jury concerning defendant's possession of a gun and threats to kill her and others was relevant to the element of forcible compulsion contained in the rape and sodomy counts. Similarly relevant was the evidence concerning the demand by defendant for the return of his letters, the incident that precipitated the rape. It was also relevant for a State Trooper to testify about the statement made by defendant following his arrest because it evinced defendant's consciousness of guilt. Proof of the statement was not an improper use of defendant's postarrest silence (see, People v Walls, 239 AD2d 906, lv denied 90 NY2d 912; People v Cruz, 177 AD2d 363, 364). The Trooper's testimony that defendant's employment did not require defendant to carry a handgun was not so prejudicial that it impaired the integrity of the Grand Jury proceeding. Further, substantially the same evidence was elicited by defense counsel at trial.

The only issue at trial was consent. The victim testified unequivocally that defendant forcibly raped and sodomized her, struck her, pushed her against a wall, threw her on the bed, tied her wrists, pulled her hair, and threatened to kill her. Her testimony was corroborated by evidence of her prompt complaint and her bruises. Thus, the evidence is sufficient to support the verdict. Although defendant contends that the verdict is against the weight of the evidence because of inconsistencies in the victim's testimony, we conclude that such alleged inconsistencies are either nonexistent or too minor

to warrant interference with the jury's assessment of credibility (see, People v Bleakley, 69 NY2d 490, 495).

The court did not err in allowing the victim to testify that defendant had threatened to kill two other people (see, People v Molineux, 168 NY 264, 293-294). Even assuming, arguendo, that such statements constitute prior immoral conduct within the Molineux rule (see generally, People v Hudy, 73 NY2d 40, 54-55; Prince, Richardson on Evidence §§ 4-501, 4-502 [Farrell 11th ed]), such evidence was properly admitted inasmuch as its probative worth on the issue of forcible compulsion outweighed its tendency to demonstrate defendant's criminal propensity (see, People v Richardson, 182 AD2d 721, affd 81 NY2d 303; People v Croft, 176 AD2d 1225, 1225-1226, lv denied 79 NY2d 855; see generally, People v Ventimiglia, 52 NY2d 350, 359-360).

Defendant was not denied effective assistance of counsel. Counsel's failure to pursue a Huntley hearing or object to admission of defendant's statement at trial cannot be criticized. Defendant had been given Miranda warnings before making the statement, and thus the admission of the statement was proper. Counsel was not ineffective for failing to object to the testimony of the victim's friend because that testimony was admissible evidence of a prompt complaint (see, People v McDaniel, 81 NY2d 10, 16-17; People v Rice, 75 NY2d 929, 931-932). Upon our review of the entire record, we conclude that counsel was effective and provided meaningful representation (see, People v Baldi, 54 NY2d 137, 147).

We have considered the remaining contentions of defendant, including his challenge to the severity of his sentence, and conclude that they are without merit. (Appeal from Judgment of Lewis County Court, Merrell, J.—Rape, 1st Degree.) Present—Denman, P. J., Green, Pine, Callahan and Fallon, JJ.