◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE D'AMICO, Appellant. [690 NYS2d 676] —Appeal by defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered November 22, 1994, convicting him of attempted assault in the first degree, criminal possession of a weapon in the second degree, reckless endangerment in the first degree, and operating a motor vehicle under the influence of alcohol as a felony, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was intoxicated after a concededly long night of drinking in a bar in Amityville, just east of the Suffolk County line, when he became embroiled in an altercation that led to his ejectment. Once outside, the defendant allegedly fired a gun at the bar, breaking a window. The defendant then proceeded to drive to his home in Massapequa, Nassau County. Driving on two flat tires, the defendant attracted the attention of a Nassau County police officer who trailed the defendant to his home. When the defendant exited his car he pointed a gun at the officer and fired a shot that shattered the emergency roof lights of the police car. The defendant was then placed under arrest.

Charges stemming from this incident were initially presented to a Nassau County Grand Jury. The record suggests that the prosecutor was acting under a mistaken impression as to the limits of Nassau County's geographic jurisdiction, and he thus elicited evidence he believed would establish such jurisdiction over all criminal acts, including those occurring at the bar in

Amityville. The Grand Jury returned an indictment, charging the defendant with attempted murder and other crimes relating to the Nassau County shooting, and reckless endangerment and criminal mischief stemming from the incident at the bar. The Suffolk County charges were subsequently dismissed on geographic jurisdiction grounds, and the defendant was ultimately convicted on the charges arising from criminal acts committed in Nassau County. The defendant now appeals, arguing, *inter alia*, that the integrity of the Nassau County Grand Jury proceedings was impaired by the Grand Jury's consideration of the evidence of his alleged criminal conduct in Suffolk County. We disagree.

It is well settled that the exceptional remedy of dismissal of an indictment pursuant to CPL 210.35 (5) is warranted only where prosecutorial wrongdoing, fraudulent conduct, or errors potentially prejudice the ultimate decision reached by a Grand Jury (*see, People v Huston,* 88 NY2d 400). Contrary to the defendant's contentions, the evidence heard by the Nassau County Grand Jury concerning his criminal acts in Suffolk County immediately prior to the commission of the instant crimes, did not impair the integrity of the Grand Jury proceeding (*see, People v Kirkey,* 248 AD2d 979; *People v Skinner,* 220 AD2d 806). The defendant equates this case with those where evidence of uncharged crimes was held to have been improperly received by a Grand Jury (*see, People v Louissant,* 240 AD2d 433). However, the Suffolk County crimes were originally "charged" although they were subsequently dismissed. There was no intentional misconduct by the prosecution. Rather, the evidence concerning the Suffolk County charges was presented as part of a narrative of an ongoing and unfolding criminal incident (*see, People v Vandenburg,* 254 AD2d 532) and was relevant to the subsequent Nassau County charges over which the Grand Jury properly exercised its jurisdiction (*see, People v Kirkey, supra; People v Perry,* 199 AD2d 889; *People v Richardson,* 193 AD2d 969). Furthermore, the evidence presented to the Grand Jury concerning the Nassau County crimes was highly persuasive and overwhelming and thus this is not one of those rare cases where irregularities before the Grand Jury rise to the level of impairing those proceedings and creating the risk of prejudice (*see, People v Huston, supra,* at 410; *People v Meglio,* 235 AD2d 434, 435; *People v Smith,* 215 AD2d 940). Accordingly, the indictment was proper.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. S. Miller, J. P., O'Brien, Ritter and Santucci, JJ., concur.