THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ZAKRZEWSKI, Appellant. [777 NYS2d 207]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered April 2, 1999 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and criminal sale of a firearm in the third degree.

Defendant and a codefendant* were convicted of criminal possession of a weapon in the third degree and criminal sale of a firearm in the third degree, following their sale of a Walther PPK .380-caliber handgun to an undercover officer who was conducting a storefront sting operation designed to purchase

* The codefendant's judgment of conviction was affirmed by this Court (*People v Abbott*, 275 AD2d 481 [2000], *lv denied* 96 NY2d 731 [2001]).

stolen property and firearms. Defendant asserts that both convictions should be reversed because Supreme Court did not give a circumstantial evidence charge to the jury and his possession conviction was not supported by legally sufficient evidence. Finding no merit to either argument, we affirm.

Assuming, arguendo, that the People's proof of possession and sale was wholly circumstantial, thus entitling defendant to a circumstantial evidence charge (*see People v Daddona*, 81 NY2d 990, 992 [1993]), the issue has not been preserved for appellate review because defendant unequivocally withdrew his request for this charge and failed to object to the charge as given (*see* CPL 470.05 [2]; *People v Burdick*, 266 AD2d 711, 713 [1999]; *People v Merritt*, 265 AD2d 733, 734 [1999], *lv denied* 94 NY2d 826 [1999]). Moreover, given the overwhelming evidence of guilt, we reject defendant's request to reach the issue by exercising our interest of justice jurisdiction.

Defendant's argument, that his conviction for criminal possession of a weapon in the third degree is not supported by legally sufficient evidence, is based upon the assertion that the People failed to prove that the handgun was loaded. However, since defendant was charged and convicted under Penal Law § 265.02 (1), which does not require that the handgun be loaded, defendant's argument is meritless.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

