■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL COLON, Appellant. [821 NYS2d 203]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J., on consolidation motion; Ruth Pickholz, J., at independent source hearing, trial and sentence), rendered October 18, 2004, convicting defendant of robbery in the first degree (two counts) and endangering the welfare of a child, and sentencing him, as a second felony offender, to consecutive terms of 10 years on each of the robbery convictions and a concurrent term of one year on the child endangerment conviction, unanimously affirmed.

It was a proper exercise of the court's discretion to consolidate the two indictments, each charging defendant with first degree robbery (see CPL 200.20 [2] [c]). The indictments arose from two robberies, where, on each occasion, the defendant entered an elevator, threatened the occupants with a weapon, and demanded money. Defendant's bald contention that the proof regarding the two robberies was significantly disparate, and his unelaborated contention that he had an important need to testify in one case and strong reasons to refrain from doing so as to the other, were insufficient to support a showing of "good cause" warranting separate trials in the interests of justice (see CPL 200.20 [3] [a], [b]; *People v Brown*, 287 AD2d 341 [2001], *lv denied* 97 NY2d 702 [2002]; *People v Burrows*, 280 AD2d 132 [2001], *lv denied* 96 NY2d 826 [2001]; *People v Ndeye*, 159 AD2d 397 [1990], *lv denied* 76 NY2d 793 [1990]).

While evidence concerning a child witness's prior identification of defendant's photograph should not have been elicited at trial, the error was harmless (*People v Rudan*, 112 AD2d 255 [1985], *lv denied* 65 NY2d 986 [1985]). The court held a hearing and correctly concluded that the child had an independent basis to provide identification testimony at trial (see *People v Brown*, 293 AD2d 686 [2002], *lv denied* 98 NY2d 695 [2002]; *People v Watkins*, 262 AD2d 200 [1999], *lv denied* 94 NY2d 831 [1999]). The young witness testified at the hearing and at trial that she had a good opportunity in the confines of a well-lit elevator to

view defendant. She estimated that the robbery in the elevator lasted a couple of minutes, and that she looked at defendant's face three to five times during that period. She also provided a detailed description of defendant. This witness's mother also made positive identifications of the defendant at a lineup and at trial. Given a record containing ample untainted inculpatory evidence connecting the defendant to the crime at issue, any error caused by the testimony concerning the photograph was harmless (see People v Crimmins, 36 NY2d 230 [1975]).

We have considered and rejected defendant's additional claims. Concur—Mazzarelli, J.P., Andrias, Nardelli, Gonzalez and Malone, JJ.