(February 22, 2007)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEDRIC L. GOLDEN, Appellant. [829 NYS2d 758]—

Crew III, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered October 12, 2005, upon a verdict convicting defendant of the crimes of assault in the first degree and criminal possession of a weapon in the third degree (two counts).

Shortly after midnight on May 8, 2005, Johnny Samuels and his girlfriend, Santana Parker, were in bed in his apartment located at 863 Magee Street in the City of Elmira, Chemung County. Responding to the doorbell, Samuels looked out the window and saw defendant standing at the front door. Defendant inquired if Mike Thompson, his cousin, was home and Samuels went downstairs and let defendant into the building. After going upstairs to see if Thompson was at home, defendant pulled out a revolver and began waving it around. In response, Samuels ran up the stairs to his apartment with defendant following close behind. At the door of Samuels' apartment, defen-

dant fired a single shot into the apartment. The bullet struck Parker in the abdomen and became lodged in her spine.

Defendant was indicted and charged with, among other things, one count of assault in the first degree, one count of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree. Following a jury trial, defendant was convicted of assault in the first degree and two counts of criminal possession of a weapon in the third degree and sentenced, as a second violent felony offender, to, among other things, 25 years of imprisonment. Defendant now appeals.

Initially, defendant argues that his conviction for assault in the first degree was not supported by legally sufficient evidence. We note that this issue is not preserved for our review inasmuch as defendant failed to seek a trial order of dismissal at the conclusion of his case, specifically detailing the claimed deficiencies in the proof (*see People v Lozada*, 35 AD3d 969, 969-970 [2006]). In any event, were we to consider defendant's contention, we would reject it as being without merit. First, defendant contends that Samuels' identification of him as the perpetrator was somehow suspect. We disagree. Samuels testified that he had met defendant on a number of occasions when defendant came to the apartment building to visit his cousin. Moreover, Samuels testified that he had a good opportunity to observe defendant outside the apartment building on the night in question and was positive as to his identity. Defendant's assertion as to the unreliability of Samuels' identification is nothing more than an attack upon his credibility, which is a question to be determined by the jury (*see People v Lopez*, 9 AD3d 692, 694 [2004]).

Defendant further contends that there was legally insufficient evidence to support a finding of serious physical injury. Again, we disagree. Timothy Huddle, a physician, testified that the injuries to Parker's colon and inferior vena cava posed a substantial risk of death. Finally, our review of the record convinces us that there was legally sufficient evidence to establish defendant's recklessness and depraved indifference to human life. Surely a jury was entitled to find that defendant's firing of a weapon into a darkened apartment where he should have perceived that one or more inhabitants were present was reckless conduct, and the jury likewise could infer from the evidence that defendant acted with "an utter disregard for the value of human life—[acting] not because [he intended] harm, but because [he] simply [didn't] care whether grievous harm [resulted] or not" (*People v Suarez*, 6 NY3d 202, 214 [2005]).

With regard to defendant's contention that the verdict here is against the weight of the evidence, we have weighed the relative probative force of the conflicting testimony and the relative strength of the conflicting inferences that may be drawn therefrom and, giving due deference to the jury's credibility determinations, find the verdict not to be against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We have considered defendant's remaining contentions and find them to be lacking in merit.

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.