THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIMZ EDWARDS, Appellant. [834 NYS2d 575]—

Spain, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered March 17, 2004 in Albany County, upon a verdict convicting defendant of four counts of the crime of criminal possession of a weapon in the third degree.

In this appeal, defendant challenges his convictions stemming from the discovery by the police of four weapons found in his bedroom. On March 5, 2003, the police arrived with a warrant to search defendant's home for firearms and firearm related paraphernalia. According to police witnesses, when they knocked on the door defendant stuck his head out of a second story window—later established as part of the master bedroom—to inquire as to what was going on. The police then entered the house and found defendant unarmed, but in the master bedroom they discovered a stun gun, billy club and a Kung Fu star hanging in the closet, and a dagger attached by velcro to the side of the bed. Defendant was charged, and later convicted by a jury, of four counts of criminal possession of a weapon in the third degree and sentenced as a predicate felon to four concurrent sentences of 3½ to 7 years in prison.

Defendant challenges the verdicts as against the weight of the credible evidence. A person is guilty of criminal possession of a weapon in the third degree if, having previously been convicted

of a crime, he or she "possesses any . . . electronic stun gun, . . . billy, . . . or 'Kung Fu star' " (Penal Law § 265.01 [1]; *see* Penal Law § 265.02 [1]) or "any dagger . . . with intent to use the same unlawfully against another" (Penal Law § 265.01 [2]; *see* Penal law § 265.02 [1]). Further, "[t]he possession by any person of any dagger . . . is presumptive evidence of intent to use the same unlawfully against another" (Penal Law § 265.15 [4]). Defendant contends, with respect to all four convictions, that insufficient evidence exists to support a finding of possession. Where, as here, the People rely on constructive possession because no evidence of actual physical possession was introduced, it is the People's burden to establish that defendant had dominion and control over the area where the contraband was found (*see* Penal Law § 10.00 [8]; *People v Manini*, 79 NY2d 561, 573-574 [1992]; *People v Burns*, 17 AD3d 709, 710 [2005]; *People v Duran*, 6 AD3d 809, 811 [2004], *lv denied* 3 NY3d 639 [2004]). It is not necessary for the People to establish exclusive access to support a finding of constructive access; indeed, "[i]t is well established that several individuals may constructively possess an object simultaneously, provided each individual exercises dominion and control over the object or the area in which the object is located" (*People v Smith*, 215 AD2d 940, 941 [1995], *lv denied* 86 NY2d 802 [1995]; *see People v Elhadi*, 304 AD2d 982, 984 [2003], *lv denied* 100 NY2d 580 [2003]).

Defendant's fiancee and a friend, both of whom resided—as guests—in defendant's home, testified at his trial. Through their testimony, defendant endeavored to convince the jury that he did not have dominion and control over the items in the master bedroom because other individuals were using that room during the period in question. Further, the witnesses claimed that they, and not defendant, owned the weapons. As a different verdict, based on this testimony, would not have been entirely unreasonable, we must, "like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " and determine whether the trier of fact gave the evidence the weight it should be accorded (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]).

There is ample evidence in the record to support the jury's conclusion that the master bedroom where the weapons were found was defendant's bedroom. Indeed, evidence was introduced that, even following the point when defendant allegedly allowed his friends to begin sleeping in the bed of the master bedroom, defendant kept many of his belongings—some cloth-

ing, his jewelry, framed diplomas on the walls and his money—in the master bedroom, and that, at a minimum, he continued to use the bedroom to sleep in during days when he worked nights. When the police executed the search warrant, it was defendant who provided the combination to open a safe inside the closet of the master bedroom and who identified the key to open a second lock-box within the safe. Finally, the testimony of defendant's fiancee where she claimed exclusive ownership of three of the four weapons—including the dagger adhered to the bed—without defendant's knowledge, borders on fantastic. Likewise, the testimony of defendant's friend that he owned the billy club presented a credibility determination for the jury (*see People v Golden*, 37 AD3d 972, 973 [2007]; *People v Rosado*, 36 AD3d 965, 966 [2007]). Under these circumstances, it cannot be said that the jury failed to give appropriate weight to the evidence with respect to their conclusion that defendant exercised sufficient dominion and control over the master bedroom and its closet to warrant a finding that he constructively possessed the weapons found therein (*see People v Elhadi, supra* at 983-984; *People v Morton*, 288 AD2d 557, 558 [2001], *lv denied* 97 NY2d 758 [2002], *cert denied* 537 US 860 [2002]; *People v Smith, supra* at 941; *cf. People v Edwards*, 206 AD2d 597, 597-598 [1994], *lv denied* 84 NY2d 907 [1994]).

With respect to the dagger, however, we find merit in defendant's argument that the conviction must be reversed. By establishing possession of the dagger, the People were entitled to the statutory presumption that defendant intended to use the dagger *unlawfully*, and were charged appropriately (*see* Penal Law § 265.15 [4]). However, when weighed against the other circumstances of this case, we find that this bare presumption is insufficient to establish, beyond a reasonable doubt, that defendant possessed the dagger with intent to use it unlawfully. Indeed, the presumption is outweighed by the competing inference—drawn from the manner in which the dagger was attached to the bed, i.e., in plain view and to permit easy access to one lying in the bed—that the dagger was kept for self-defense, as a means of protection against an intruder. Accordingly, we find that defendant's conviction for criminal possession of the dagger was against the weight of the evidence (*see People v Bell*, 158 AD2d 697, 698 [1990]; *cf. People v Lemmons*, 40 NY2d 505, 509-512 [1976]).

Defendant's remaining arguments were not preserved for appellate review by an appropriate objection at trial. He contends that the prosecutor was guilty of misconduct when he cross-examined the defense witnesses who claimed ownership of the

weapons regarding their failure to come forward with exculpatory evidence prior to trial. Such impeachment is proper where the People have laid a foundation by establishing that the witness knew the nature of the charges pending against the defendant, had reason to recognize that he or she had exculpatory information, had motive to exonerate the defendant and was aware of a way to make the exculpatory information available to law enforcement (*see People v Dawson*, 50 NY2d 311, 321 n 4 [1980]). Here, defendant failed to object based on a lack of foundation or to request a bench conference on the issue (*see id.* at 323). In any event, it is clear from the record that both witnesses—who lived with defendant rent free—were aware that defendant was facing charges related to the weapons and had both motive and opportunity to come forward at an earlier time. Defendant also alleges that he was deprived of a fair trial by the prosecutor's speculation, during summation, on what defendant might have said in a certain situation. Supreme Court, however, sustained an objection to the testimony and instructed the jury appropriately. Under these circumstances, defendant was not deprived of a fair trial (*see People v Sleasman*, 24 AD3d 1041, 1043 [2005]). Finally, defendant did not preserve for our review his challenge to the circumstantial evidence charge given to the jury inasmuch as he failed to request an additional charge or object to the charge as given, and we decline to exercise our interest of justice jurisdiction with respect to this issue (*see* CPL 470.05 [2]; *People v Zakrzewski*, 7 AD3d 823, 824 [2004]).

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of criminal possession of a weapon in the third degree under count 4 of the indictment; said count dismissed; and, as so modified, affirmed.