THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED MILLER, Appellant. [842 NYS2d 832]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered March 10, 2004. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree, attempted robbery in the third degree (two counts) and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of, inter alia, robbery in the second degree (Penal Law § 160.10 [1]) and two counts of attempted robbery in the third degree (§§ 110.00, 160.05), defendant contends that County Court erred in refusing to suppress the identification testimony of two witnesses because the showup identification procedures were conducted in the parking lot of a police station. We agree with the People that defendant failed to preserve his contention for our review inasmuch as he failed to raise that specific contention either in that part of his omnibus motion seeking suppression of the identification testimony or at the *Wade* hearing (*see People v De Vivo*, 282 AD2d 770, 771 [2001], *lv denied* 96 NY2d 900 [2001]; *People v Katowski*, 204 AD2d 486, 487 [1994], *lv denied* 84 NY2d 869 [1994]). In any event, we conclude that the showup identification procedures were not unduly suggestive (*see People v Smith*, 286 AD2d 636 [2001], *lv denied* 97 NY2d 688 [2001]; *People v Clark*, 262 AD2d 1051 [1999], *lv denied* 93 NY2d 1016 [1999]).

Contrary to the further contention of defendant, the court properly denied that part of his omnibus motion seeking to sever the first two counts of the indictment from the second two counts. The "unelaborated contention [of defendant] that he had an important need to testify in one case and strong reasons to refrain from doing so as to the other [was] insufficient to support a showing of 'good cause' warranting separate trials in the interests of justice" (*People v Colon*, 32 AD3d 791, 791 [2006], *lv denied* 7 NY3d 924 [2006]; *see People v Peterkin*, 12 AD3d 1026, 1027 [2004], *lv denied* 4 NY3d 766 [2005]). As the People correctly note, the provision for an in camera ex parte hearing applies only if the defendant has made a "written or recorded showing concerning [his] genuine need to refrain from testifying" on some counts, and it does not apply to testimony the defendant would give with respect to the other counts (CPL 200.20 [3] [b] [ii]; *see People v Burrows*, 280 AD2d 132, 134-135 [2001], *lv denied* 96 NY2d 826 [2001]).

Finally, defendant correctly concedes that he failed to preserve for our review his contention that he was denied a fair trial

when the prosecutor improperly questioned him with respect to his pretrial silence (*see People v Walls*, 239 AD2d 906 [1997], *lv denied* 90 NY2d 912 [1997]; *People v Goss*, 229 AD2d 791, 792 [1996]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.