— Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered December 6, 2006. The judgment convicted defendant, after a nonjury trial, of attempted robbery in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]). We reject the contention of defendant that he was denied effective assistance of counsel. Defendant failed “to demonstrate the absence of strategic or other legitimate explanations” for the failure of defense *1243 counsel to pursue a Huntley or a Ventimiglia hearing, or to object to the admission of defendant’s statements at trial (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Kirkey, 248 AD2d 979, 980 [1998], lv denied 92 NY2d 900 [1998]; see generally People v Jackson, 172 AD2d 874, 875 [1991], lv denied 78 NY2d 923 [1991]). “With respect to the failure to request a Sandoval ruling, we note that [County] Court in this nonjury trial is presumed to have evaluated the evidence [of defendant’s past criminal conduct] only for the purpose of impeaching . . . defendant’s credibility and not as evidence of guilt of the crime charged” (People v Maryon, 20 AD3d 911, 912-913 [2005], lv denied 5 NY3d 854 [2005] [internal quotation marks omitted]). In addition, defense counsel’s alleged error in failing to make an opening statement is “attributable to or substantially ameliorated by the fact that defendant elected to waive a jury trial” {id. at 913). In sum, viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Present — Hurlbutt, J.P., Smith, Green, Pine and Gorski, JJ.